*Isaac Woods, et al., vs. the State of Missouri, to the use of Rob't. Rainey.*

ISAAC WOODS, ET AL. vs. THE STATE OF MISSOURI, TO THE USE OF ROBT. RAINEY.

1. A bond containing more conditions than those required by the statute, is still a statutory bond.

2. A judgment will not be arrested for any cause not sufficient on general demurrer.

## APPEAL from Greene Circuit Court.

HENDRICK, *for Appellant*, *insists:*

1. The bond sued on, is not such a bond as the statute authorizes suit in the name of the State to the use of Robt. Rainey, by his curator, to be brought on. The bond not being a statutory bond, there is a material distinction between the condition of the bond sued on, and that of the statutory bond, to be given by administrators.

2. The breach found to be true by the jury, is not sufficiently specific, because it does not specify which settlement or settlements, required to be made by the administrator he failed to make; nor does it charge, that the administrator totally failed to settle his accounts. The breach ought to have charged, either a total failure to settle, or specifically charge, which of his settlements required by law to be made, he failed to make. Rev. Stat., page 65; Act prescribing forms of Administrators Bonds, Rev. Stat., sec. 5, page 782; Act to regulate actions on penal bonds.

EDWARDS, *for Appellee*, *insists:*

1. The defendants having failed to plead, according to the leave given by the court, and having failed to file any plea in answer to said action, the plaintiff was entitled to judgment by default.— Rev. C. 1845, p. 814, § 36.

2. The declaration being substantially good, could only be reached by special demurrer. The motion in arrest, will not reach an objection merely technical, after judgment by default.

3. The judgment cannot be arrested, for any thing that would be cured by verdict. See 1 Saunders, 228, n. (1;) 1 Chitty's Pl., 370.; 9 Mo. R., 778.

4. The bond sued on is good. It is true that it contains more than is required by the statute to be recited in the bond of an administrator. The law allows and authorizes a variance from the statute, in bonds given by administrators with the will annexed. See Rev. C. 1835, p. 43, § 15.

5. The bond is substantially good. Rev. C. 1845, p. 43, § 15. See also the argument of this Court, Jones vs. The State of Missouri, 7 Mo. R., 81; Grant vs. Brotherton, ib., 458; The State, &c. vs. Porter, 9 Mo., 356; Henry, et al. vs. The State, &c., ib., 778.

McBRIDE, J., *delivered the opinion of the Court.*

William Townsend, curator of Robert Rainey, brought an action of debt in the Greene Circuit Court, in the name of the State of Missouri, to his use against Isaac Woods, administrator, with the will annexed, of George R. Rainey, deceased, and Henry and Jesse Hickman, as his se-

curities, on his official bond, to recover the distributive share of the said Robert, who is one of the legatees of said George R. Rainey, deceased. The bond upon which the action was brought, contains the following condition, to-wit: "That if the said Isaac Woods, administrator, with the will annexed, of all and singular the goods and chattels, lands and tenements, rights and credits, which were of the said George R. Rainey, deceased, should make, or cause to be made, a true and perfect inventory of all and singular the goods and chattels, lands and tenements, rights and credits of the said deceased, which had or might come into the hands, possession or knowledge of him, the said Isaac Woods, or into the hands or possession of any one for him; and the same, so made, return and exhibit in the office of the Clerk of the County Court for the county of Greene, within such time and in such manner as was or might be prescribed by law; and of all and singular the moneys, goods and chattels, lands and tenements, rights and credits of the said deceased, accruing from or arising out of said estate, which should come to the hands, possession or knowledge of him, the said Isaac Woods; should well and truly administer according to law, and pay the debts of said deceased, as far as the assets in his hands would extend, and the law direct; and further, make, or cause to be made, a just and true account of his said administration, and make true and proper settlements thereof, from time to time, according to law, or order, sentence or decree of any court having competent jurisdiction thereof; and should, moreover, well and truly do and perform all other matters and things touching the said administration, as were or should be provided by law or enjoined on him by the order, sentence or decree of any court having competent jurisdiction, then that obligation should be null and void and of no effect, otherwise remain in full force, power and effect in law." The declaration assigned four breaches of the foregoing condition: *first,* that the said Isaac Woods did not well and truly administer said estate according to law; *second,* that all the debts due by the estate of the deceased, and the expenses of administration, had been paid, and there still remained in the hands of the administrator the sum of $1900 for distribution, and that the administrator refused to pay the distributive share of said Robert, after demand made by the curator; *third,* that the administrator of said estate had in his hands the sum of $1900, after the payment of all debts of the estate, and the expenses of administration; that three years had elapsed since the grant of letters of administration, and the County Court of Greene county, where the letters were granted, had ordered said administrator to pay over the money to the heirs and lega-

tees under the will, or to their guardians or curators, according to their respective rights, but that said administrator had refused to pay over; *fourth,* that the administrator had failed to make settlement of his accounts, from time to time, according to law and the order of the County Court. At the return term, the defendants obtained leave to plead in vacation, but failed to do so; whereupon, at the subsequent term, the court rendered a judgment by default against them, and awarded a writ to assess the damages at the next term. The defendants then filed a motion in arrest of the judgment by default, assigning as reasons therefor, first, because the declaration was insufficient; and, second, because judgment by default ought not to have been rendered in the cause. The motion was overruled, and exceptions taken.

At the next term, a jury was called, who, upon the evidence, found for the plaintiff on the third breach assigned in the declaration, and assessed his damages at $265 41. The defendants again moved in arrest, for two reasons; first, because the declaration and third breach assigned and found true by the jury are insufficient; and, second, because the bond sued on is not a statutory bond. This motion was overruled, and exceptions taken to the opinion of the court in overruling the same, and an appeal prayed for and granted to this Court.

The points relied on to reverse the judgment, are, that the bond sued upon is not a statutory bond, and that the breach upon which a recovery was had is insufficient. The statute of 1835, which was in force at the time the bond in suit was executed, R. C. 1835, p. 43, sec. 14, prescribes the form of the condition of an administrator's bond. The next section provides that a similar bond, with such variations as the case may require, shall be given by all executors and administrators, with the will annexed. The objection is not that the bond sued upon does not contain every stipulation set forth in the statute above referred to, but that it contains more than the statute requires. To this, there are two answers: first, the statute contemplates a departure from the form given, in cases like the present; and, secondly, the bond is not vitiated by reason of its containing *more* than the statute prescribes. The stipulations in the bond not required by the statute may be rejected as surplusage, and the bond still be regarded as a statutory bond, and sued upon as such. See the case of Grant & Finney vs. Brotherton, 7 Mo. R., 458.

The question which might have been raised, on a special demurrer to the assignment of the breach found by the jury, cannot now arise, as the verdict interposes and cuts the defendant off from any technical objec-

tion to the pleadings.    No defect in the pleadings is sufficient ground to arrest a judgment which would not be held good on general demurrer.

The other Judges concurring, the judgment is affirmed.