Riney vs. Hill.

---

RINEY vs. HILL.

1. Interest is first to be calculated on a demand up to the first partial payment—then add the interest to the principal and deduct the payment therefrom, then cast interest on the remainder to the second payment, add the interest to the remainder, and deduct therefrom the second payment, and so on until the last partial payment, unless, in any case, the interest up to any payment shall exceed the payment, in which case, such payment is to be deducted from the interest, and the excess of the interest, is to be carried forward, without casting interest thereon, to the next payment, that will discharge the excess.

## APPEAL from Clark Circuit court.

DRYDEY, for appellant.

1. The rule of the law in the computation of interest where partial payment have been made, is. that interest shall be cast on the principal debt to the first payment, add the interest thus produced to the principal and from their aggregate amount deduct the partial payment—then on the remainder (provided the payment was sufficient to discharge the previously accrued interest) cast interest to the second partial payment, add and deduct as before, and so on from payment down to the day of the rendition of the judgment: Penrose vs. Hart, 1st Dal. Rep., 378; Smith vs. Shaw, 2 Wash. Cir. Ct. Rep., 167; Dear vs. Williams, 17 Mass. Rep. 417, Fay vs. Bradley, 1st Pick., 194; Meredith vs. Banks, 1st Hal. 408; Commonwealth vs. Miller, 8 Serg. & Rawle, 452, 458; 4 Hen. & Murf. 431; 3 Washington Cir. Ct Rep. 350, 396.

2. If neither debtor nor creditor make an application of a partial payment the law will apply it so as first to extinguish the interest: Field vs. Holland, 6 Cranch, 27, 28; Gwinn vs. Whitaker, 1. Har. & J., 754; Norwood vs. Manning, 2 Nott & McCon., 395; 2 Haywood (N. C.) Rep., 17.

3. A debt is a sum certain due from the debtor to the creditor. Interest is a compensation to the creditor for the forbearance of payment of the debt—it is an incident of the debt—without a debt and without forbearance of payment interest cannot have an existence. A sum paid by a debtor to his creditor does not create a debt, because there is no obligation on the latter to repay to the former, but it is the extinguishment of a previous debt, and the sum

so paid cannot be recovered by action. If then in such case there be no principal there cannot be an incident.

4. Waiving the question whether the law will imply an obligation on the part of the creditor to pay his debtor interest at any rate per centum on money paid by the latter in discharge of a pre-existing debt, a question too absurd to be tolerated—yet an obligation to pay more than six per cent, can in no case be raised by implication of law, but can only be created by an express "agreement in writing:" See 2d section of the interest law, p. 333, Rev. Code of 1845. And now although there is no pretence there was an express agreement either verbal or written in this case on the part of Riney, the creditor, to pay Hill, the debtor, interest, nevertheless the circuit court not only made Riney pay interest, but computed it upon him at the rate of ten per centum,

5. The rule adopted by the circuit court to compute interest as well on the partial payments as on the principal debt destroys the distinction between set off and payment and converts the debtor into the creditor of his creditor in all cases.

BIRCH, J., delivered the opinion of the court.

This was a submission, without action, under the twentieth article of the new practice act, the facts agreed upon being substantially as follows:

On the 7th day of April, 1837, one John Hill, since deceased, sealed and delivered to the plaintiff his bond, binding himself to pay him, on or before the 1st day of April, 1838, the sum of eleven hundred dollars, together with ten per centum interest thereon from due, if not paid at maturity. Before any part of the money was paid, John Hill died intestate, and Robert E. Hill, the defendant and appellee, was appointed his administrator. On the 10th day of June, 1839, the bond was presented to the Clark county court for allowance, and was duly allowed for the sum of twelve hundred and thirty-one dollars and thirty-eight cents. Assets sufficient to pay all the debts of the deceased came to the hands of the administrator, and this debt has been, by various payments, fully paid and satisfied according to the method of computing the accruing interest adopted by the administrator and concurred in by the court before whom the submission was made. That method was to cast interest on the plaintiff's demand down to the day of the judgment and add the interest to the principal; then in like manner compute interest on the several payments from their respective dates down to the same period, and after adding the several payments to the interest thereon deduct the aggregate of the same from the aggregate of the plaintiff's demand.

As between an administrator, who is occasionally receiving money on account of an estate, and paying it out to his creditors or distributees, this court, at its last term, perceived sufficient reason for adopting such a basis as the foregoing in reference to the annual settlements con-

templated by the administration law.  Its simplicity and convenience seemed sufficiently to commend it as a rule (amongst others) in indicating a system or mode of procedure for the county tribunals, where exact or authentical precision cannot always be enforced in accordance with the general substantial justice they were intended to secure.

It need scarcely be said, however, that it was not designed by that opinion to disclaim or modify the settled rule, which is otherwise when applied to cases like the present, where exactness is not only invariably compatible with justice, but where nothing short of it is or can be just. The rule in question is so properly stated in the instruction which was asked for by the counsel for the appellant, that we have but to adopt its terms in order to sufficiently denote our own impressions of the law.

The counsel for the plaintiff (appellant here) moved the court to declare the law to be, that "interest is first to be calculated in the plaintiff's demand up to the first partial payment—then add the interest to the principal and deduct the payment therefrom—then cast interest on the remainder to the second payment, add the interest to the said remainder and deduct therefrom the said second payment, and so on until the last partial payment, unless in any case the interest up to any payment shall exceed the payment, in which case such payment is to be deducted from the interest, and the excess of the interest is to be carried forward, without casting interest thereon, to the next payment that will discharge said excess."

Such being the settled law, the judgment of the circuit court must of course be reversed and the cause remanded.