HAIL W. PITTMAN, ADM'R OF ROBERT PITZER, Respondent, v. RICHARD F. BARRET *et al.*, Appellants.

*Note—Interest.*—A note for a certain sum, " with ten per cent. interest thereon till paid," carries interest from date. (Ayres v. Haines, 13 Mo. 252, qualified and explained.)

*Appeal from St. Louis Court of Common Pleas.*

*A. Buckner*, for appellants.

Richard F. Barret executed to Robert Pitzer the following promissory note, to-wit:

"$1,833 $\frac{33}{100}$. Montgomery Co., Mo., Sept., 1855. On or before the first day of September, 1858, I promise to pay Robert Pitzer eighteen hundred and thirty-three dollars and thirty-three cents, with interest thereon till paid, for value received. Richard F. Barret."

The Supreme Court of this State, a long time ago, decided, in a similar case, that such a note bore interest from its maturity and not from its date. (See cases of Ayres v. Haines, 13 Mo. 252; Weinway v. Mothershead, 3 Black. 401; Billingsly v. Calwon, 7 Ind. 184; Walker v. Kimball, 22 Ill. 537.)

*Allison*, for respondent.

The note sued on calls for interest. The payment of interest was a condition of the contract from its inception. To say that the note bears interest from its maturity only, the absurd conclusion will follow that the condition for interest has no force or effect at all until the maturity of the note, and the contract shall have been broken. The note bears interest at all events after maturity by force of the statute, without any stipulation for interest; and the law presumes that the parties intended something by inserting that stipulation. (Dewey et al. v. Baughman, 8 Cal. 145; Hackenberry et al. v. Shaw et al., 11 Ind. 392; Pate, Adm'r, &c., v. Gray, 1 Hemp. 155; Cooper's Adm'r v. Wright, 3 Zab. 200; Parvin v. Hooper, 1 Morris, Iowa, 294; Mayne on Damages, 120;

Kumerly v. Nash, 1 Stark. 452; Hooper et al. v. Richmond, 1 Stark. 507; Ruffey & Co. v. Grunwell & Co., 10 Ad. & El. 222; Payne v. Clarke, 23 Mo. 259.)

It seems that the case of Payne v. Clark overrules the case of Ayres v. Haynes, 13 Mo. 252.

BATES, Judge, delivered the opinion of the court.

The promissory note which is the foundation of this action, was for a certain sum of money, " with ten per cent. interest thereon till paid;" and the only question is, did it bear interest during the period of time between its date and its maturity?

We have not the slightest doubt that it did. It was the intention of the parties that it should be paid at a particular specified time, with interest. The contract for the payment of interest is as specific, legal and binding as any other part of the contract, and we have no right to annul it. If the parties had meant that it should not bear interest, they would not have said that it should. They had a legal right to contract for the payment of interest, and they did so in unequivocal language.

The case of Ayres v. Hayes is relied on by the appellants as governing this case. An examination of that case will show that the conclusion arrived at, with " considerable doubt," was based upon the facts peculiar to that case. It is no precedent for any other case, not having the same peculiarities.

Judgment affirmed. Judges Bay and Dryden concur.