THE STATE OF MISSOURI, to use of MARY MUDD *et al.*, Plaintiff in Error, *v.* WILLIAM SHAW *et al.*, Defendants in Error.

### March 21, 1876.

A guardian filed an account in the Probate Court, showing an indebtedness of $1,096.71 to his ward, who was then of age. He failed to pay this sum, and soon died. This sum was subsequently allowed and classified in the Probate Court, as a demand against his estate. Afterwards the executor of the guardian was allowed, by the Probate Court, to restate the account without notice to the ward. In a suit on the guardian's bond to enforce the collection of the $1,096.71, the court permitted defendants to show the settlement made by the executor. *Held*, that this was error; that this settlement was without legal warrant; and that the allowance of the claim by the Probate Court against the guardian's estate was conclusive unless reversed by a direct proceeding.

ERROR to Lincoln Circuit Court.

*Reversed and remanded.*

*Martin & Lackland*, for plaintiff in error, cited: State *v.* Grace, 26 Mo. 87 ; State *v.* Drury, 36 Mo. 281 ; Frost *v.* Winston, 32 Mo. 189.

*McKee & McFarland, Fagg & Biggs,* for defendants in error.

Gantt, P. J., delivered the opinion of the court.

This action was brought to the March term, 1874, of the Lincoln Circuit Court, on a bond to the State of Missouri, dated November 13, 1858, executed by David Stuart as principal, and L. H. Paxton, W. W. Shaw, William T. Stuart, and others as sureties, in the penal sum of $36,000, conditioned for the faithful performance, by David Stuart, of his duties as curator of the heirs of James F. Moore. The petition set forth that Stuart took on himself the duties of curator, and that Mary, since intermarried with Edwin C. Mudd, was one of the heirs of Moore; that Stuart died in June, 1871; that Mary was, before his death, of full age and married to Edwin C.; that W. W. Shaw and William T. Stuart were duly appointed administrators of the estate of David Stuart, deceased, they having also been two of his sureties on his curator's bond; that, at the January term, 1871, of the Probate Court of Lincoln county, David Stuart made a settlement of his curatorship, and the sum of $1,096.71 was ascertained to be due from him to Mary Mudd; that, at a settlement made by the said administrators of David Stuart with the Probate Court of Lincoln county (time not stated), it was ascertained that the said sum of $1,096.71 was due from said estate of David Stuart to the said Mary Mudd, and the administrators were ordered to pay it; that various sums have been paid, to wit, $70 on May 26, 1873; $50 on January 30, 1873, and $150 on June 27, 1873; that the balance remains unpaid, and plaintiffs asked for judgment against the sureties in the curator's bond for the amount of the balance, with interest from January 11, 1871, at the rate of 10 per cent., less the several credits named. To this petition W. W. Shaw and William T. Stuart filed their separate answer, admitting that they were sureties on the curator's bond of David Stuart, the death of Stuart, their appointment as administrators,

and the ascertainment at the January term, 1871, of the Lincoln Probate Court, of a balance of $1,096.71 in favor of Mary Mudd, for which sum a judgment was rendered; and stating that defendants, as administrators of David Stuart, proceeded to make settlement of the accounts of David Stuart with his ward; and on October, 17, 1873, the Probate Court found a balance due from said estate to said ward of $888.56 and ordered it to be placed in the fourth class; and that since October 17, 1873, the following sums have been paid on account of said claim, to wit, $200 on October 27, 1873; $115 on November 24, 1873; $118.25 on December 29,1873; $150 on January 12, 1874; $71.50 on February 2, 1874, and $150 on February 16, 1874, making in all $804.80; that the balance due is $———, which they tendered to the plaintiffs on ——— —, 1874, and now bring the same into court.

The court, on a trial before it, gave judgment for $101.06, and 10 per cent. interest, on October 10, 1874. The plaintiffs tendered a bill of exceptions, by which it appeared that, at the January term, 1871, of the Lincoln Probate Court, David Stuart appeared to be indebted to Mary Mudd in a balance of $1,096.71.

The entry of the Probate Court was as follows:

" On settlement with Mary Moore (now Mary Mudd), made by David Stuart, her curator, the court finds, upon adjusting his accounts, that he is indebted to said ward in the sum of two thousand three hundred and fifty-two dollars and three cents, and is entitled to credits of one thousand two hundred and fifty-five dollars and thirty-two cents, leaving a balance due said ward of one thousand and ninety-six dollars and seventy-one cents, with which amount said curator is now here charged."

At the April term, 1873, of the Lincoln Probate Court, this amount was allowed and classified against the estate of David Stuart. The settlement in January, 1871, had been with and in favor of all the heirs, of whom Mary Mudd was

33

one; and this memorandum was added to the entry of the judgment: "The said amounts so classified to be subject to any and all payments made to said parties, or their present guardian, by the administrators of David Stuart, deceased."

It was proved that Mary Mudd was of age before she was married, which was before January, 1871; that her husband demanded from David Stuart, in his life-time, the payment of the balance ascertained by that settlement in January, 1871; that he had repeatedly demanded it from the administrators of Stuart since the allowance of the demand in 1873, and that, shortly before this suit was commenced, W. W. Shaw had offered to pay to Mudd $101.06 if he would give him a full release; this, Mudd refused. This was all the evidence offered by plaintiffs.

Defendants offered the record of a settlement made with the Probate Court, at the October term, 1873, which was objected to because plaintiffs had no notice of the settlement, were not parties to it, and were not bound by it, because, "the guardianship having been fully settled in April, 1873, there could be no further valid settlement." The court admitted the record, plaintiff excepting. Defendants then read the entry as follows:

"On settlement with David Stuart, deceased, curator of the following heirs, said settlement being made by Stuart and Shaw, administrators of the estate of David Stuart, the court finds, upon adjusting his accounts, that he is indebted to said wards in the following amounts, to wit: To James F. and Bathsheba Moore, $13,257.50, less credits of $9,873.26, leaving a balance due said wards of $3,393.74. To Elizabeth Moore, $5,592.87, less credits of $4,207.48, leaving a balance due said ward of $1,385.39. To Mary Mudd (formerly Moore) $1,276.45, less credits of $387.89, leaving a balance due said ward of $888.56."

The defendants then, against the objection and exception of plaintiffs, read the whole settlement, which was as follows:

"Settlement of David Stuart, deceased, curator of Mary

Mudd (formerly Moore) by W. W. Shaw and William T. Stuart, administrators :

|  | Cr. | Dr. |
|---|---|---|
| To amount due January 11, 1871...... | | $1,096.71 |
| Interest to June 7, 1873, (6 per cent.).. | | 158.26 |
| | | $1,254.97 |

| | | |
|---|---|---|
| Credit by one-fourth of the amount paid Campbell, Fagg & Dyer, McKee & Frazier, and other attorneys, in suits benefit of all the heirs, and interest thereon to June 7, 1873 (see vouchers in settlement of Jas. F. and Bathsheba Moore)........................... | $107.58 | |
| By voucher No. 1, cash paid ward January 30, 1873...................... | 50.00 | |
| Interest to June 7, 1873.............. | 1.05 | |
| Voucher No. 2, cash paid ward May 26, 1873............................ | 70.00 | |
| Interest to June 7, 1873.............. | .13 | |
| | | 228.76 |
| | | $1,026.21 |
| To interest to October 14, 1873......... | | 21.48 |
| | | $1,047.69 |
| Credit June 27, 1873, cash paid ward... | 150.00 | |
| Interest to October 14, 1873.......... | 2.76 | |
| By cash paid McKee, attorney, one-fourth of $5.............................. | 1.25 | |
| By cash paid McKee this settlement.... | 1.25 | |
| Clerk's fees, voucher No. 4........... | 3.87 | |
| | | 159.13 |
| Leaving a balance due said ward of..... | | $888.56 |

this 14th day of October, 1873, and the said administrators

of David Stuart, deceased, late curator, are ordered to pay same to said ward. ˙ Approved October term, 1873.

S. R. MOXLEY, *Judge.*"

W. W. Shaw testified that " the items charged in said settlement in record, in October, 1873, were mostly, if not all, for services rendered since the settlement made by David Stuart in 1871, and that the services for which said fees were paid were collecting money in notes due David Stuart as guardian of said ward; that in making said settlement, in October, 1873, 6 per cent. interest only had been charged from the settlement made in January, 1871."

Plaintiff asked the court to declare the law to be that:

1. " The settlement made in the Probate Court, at the April term, 1873, is binding and conclusive upon all parties to said settlement, and the finding of the court, at said settlement, of the amount due Mary Mudd, is conclusive upon the securities in the curator's bond herein sued on."

2. " That the failure to pay the amount found by said court, on said settlement, to be due said Mary Mudd, when demanded of William T. Stuart and William W. Shaw, administrators of David Stuart, deceased, and securities on said curator's bond, constituted a breach of said bond for which an action would lie."

3. " In the event plaintiff has shown itself entitled to recover in this case, the measure of damages will be the amount of balance shown on settlement at January term, 1871, with 10 per cent. interest thereon from said January term, 1871, less whatever amounts have been paid to relators herein since said settlement in January, 1871."

The court refused the first and third of these instructions, and plaintiff excepted. The court then found $101.06 to be due Mary Mudd and her husband, and gave judgment accordingly. Plaintiffs filed a motion for a new trial, which being overruled, they sued out a writ of error, and the case is before us for examination.

The points made, on motion for a new trial, are:

1. That the court erred in refusing the declarations of law asked by plaintiffs.

2. That the court erred in allowing defendant's attorney's fees, as charged by Shaw and Stuart, administrators of David Stuart, in their settlement made at the October term, 1873.

3. The court erred in not allowing plaintiffs interest, at the rate of 10 per cent., from the settlement made by David Stuart at the January term of Probate Court, 1871.

4. The court erred in permitting the introduction by defendants, as evidence, of the record of the Probate Court, showing settlement made by Shaw and Stuart, administrators, at the October term, 1873.

5. The court should have found a verdict for plaintiffs for $1,096.71, the amount as shown due by David Stuart's settlement, in January, 1871, less the payments, with interest from said settlement at the rate of 10 per cent.

1. The Circuit Court erred in admitting what is called a record of a settlement made of the accounts of " David Stuart, deceased, curator, by his administrators, Shaw and Stuart," at the October term, 1873. The inadmissibility of this record, to effect the rights of Mary Mudd, rests upon many sufficient objections, all of which were taken by the plaintiffs below and overruled by the court.

First. Mary Mudd was no longer a minor. A settlement had been made with her, by David Stuart, in January, 1871, after her marriage, and after she had reached the age of eighteen years, and a balance of $1,096.71 was then ascertained to to be in his hands. Her husband demanded this money from Stuart in his life-time. When this was, we are not told; but, as Stuart died in June, 1871, it must have been before his death. The demands of Mary Mudd were allowed against the estate of David Stuart, deceased, at the April term, 1873, and classified. This allowance had all the force and effect of, and in fact was, a judgment against the estate of David Stuart, and, until reversed—which could

only be in the Circuit Court on appeal—was not subject to change.

We note that on this occasion nothing was said about the rate of interest. All judgments bear interest, by our statute, from their date; but the rate depends on that which the demand bore before being reduced to judgment. If it was intended that this allowance should bear interest at 10 per cent. from January, 1871, all steps proper for obtaining a judgment to that effect appear to have been omitted. We have nothing before us from which we can see that the estate of Stuart was liable for more than 6 per cent. interest. If it had been shown that Edwin C. Mudd had demanded this money from David Stuart in his life-time, we think the Probate Court, in 1873, should have given judgment or made an allowance in favor of Mary Mudd for $1,096.71, with 10 per cent. interest from January term, 1871, or the date of the demand; and that the allowance should have been made of the whole amount of principal and interest, the sum total to bear 10 per cent. interest till paid. As this was not done then, it is, perhaps, too late to move in the matter now.

Second. Such payments as were made after, or as had been made before, the allowance and classification in 1873 to the ward—that is to say, to Mrs. Mudd or her husband—were to be credited on this judgment; but there was no warrant for the Probate Court sitting again to adjust the accounts of David Stuart, curator of Mary Mudd. He was dead; he had settled his accounts with her; and she had not only reached full age, but, by her marriage, her business had passed into other hands than those of her late curator. The Probate Court had no shadow of jurisdiction to adjust his accounts as curator of Mary Mudd after his settlement in January, 1871. If, indeed, after that term and during his life, any error had been disclosed in that account, it might, perhaps, upon notice to her, have been corrected; but after the

allowance, in 1873, against his estate of the balance shown in his hands as curator, nothing of that kind was possible for the Probate Court. Mrs. Mudd was no party to what is called a settlement, in October, 1873, of David Stuart's accounts as curator of Mary Mudd. The Probate Court had no longer jurisdiction of this subject, and what was called the record of that settlement was so much waste paper, so far as Mrs. Mudd was concerned.

2. If we were certain of the credits to which this allowance is entitled, we would give final judgment in this court, and, in so doing, correct some of the errors which are displayed in the account embodied in the supposed record of October, 1873, in respect of interest. The rule on this subject is laid down by the Supreme Court of Missouri. *Riney* v. *Hill*, 14 Mo. 500. Interest should be computed on the sum due up to the first partial payment, and added to the principal. From the amount resulting, the partial payment is to be deducted. Interest should then be computed on the remainder up to the second payment, and from the amount then due the second partial payment should be deducted, and so on until full payment is made—taking care, always, that, if the partial payment be less than the accrued interest, the principal last ascertained shall be the sum on which any subsequent interest is computed. This precaution is necessary to prevent the payment of interest on interest. In no case is it proper to compute interest on payments. It is a slovenly practice ignorantly resorted to by some accountants, but is condemned by the law.

The plaintiff filed no reply to the defendant's answer, and that answer set up credits which in the aggregate amount to $804.75. If the plaintiff meant to admit these as claimed, nothing obstructs our giving final judgment here. These credits, and those stated in the petition, are all to which the defendants are entitled. We reverse the judgment of the Circuit Court for the error indicated in admitting against Mary Mudd the so-called settlement made of his accounts

as curator, by the administrators of David Stuart, more than two years after his death, and nearly three years after his own settlement of those accounts. We find no case precisely in point in the decisions of our own Supreme Court, but we find in *Caldwell* v. *Lockridge*, 9 Mo. 362 and following, more than sufficient aid from authority, and, if the case were entirely of the first impression, we would have no difficulty in reaching the same conclusion. We give leave to the plaintiff to move, during the term, for final judgment; the account as to interest being stated according to the rules indicated by this opinion. It need hardly be said that no tender is shown by the defendants. Not only did they fail to evince a willingness to pay what was due, but they coupled their offer with a condition which would be fatal to any tender. *Glascott* v. *Day*, 5 Esp. 48; *Huxham* v. *Smith*, 2 Camp. 21; *Evans* v. *Judkins*, 4 Camp. 156. All the judges concur in reversing and remanding the cause.