D. B. GHOLSON and another v. R. M. KING.

*Contract—Note—Interest.*

A note, as follows, "On the 25th Dec. 1873, I owe and promise to pay G, *with legal interest,* the sum of &c. this 21st Oct. 1871," bears interest from its date.

CIVIL ACTION, tried at January Special Term, 1878, of HALIFAX Superior Court, before *Schenck, J.*

On the 21st of October, 1871, the parties to this action entered into a contract for the sale and purchase of a tract of land, as follows:   "Know all men, &c., that plaintiffs

have this day bargained and sold to defendant a certain tract of land, adjoining * * * on condition that defendant pay $960 in five equal installments, (the first payment to be made in cash, and notes to be given for the balance) and we bind ourselves, &c., to make the defendant, his heirs, &c., a good and lawful deed to said land, when the money shall have been paid or tendered for the last, and all of the aforesaid notes, with all legal interest, and we further bind ourselves to give defendant possession, &c." This instrument was signed by the plaintiffs, and the defendant made the cash payment, and gave four notes for the balance, payable respectively on the 25th of December, 1872-'73-'74-'75, a copy of one of which is set out in the opinion.

The plaintiffs contended that these notes bore interest from date until paid, but the defendant insisted that interest should be calculated only from the time the notes became due. The Court being of opinion with plaintiffs gave judgment accordingly, and the defendant appealed.

*Messrs. Mullen & Moore*, for plaintiffs.
*Mr. J. B. Batchelor*, for defendant.

FAIRCLOTH, J. " On the 25th of December, 1873, I owe and promise to pay D. B. and J. C. Gholson, *with legal interest*, the sum of one hundred and ninety-two dollars for value received. Witness my hand and seal this the 21st day of October, 1871.          R. M. KING, [SEAL."]

At the time of making this note and as a part of the same transaction, the plaintiffs covenanted with the defendant to make him title to certain real estate, for which this and other notes were given, as soon as the money on said notes shall be paid " with all legal interest," and the only question is, does this note bear interest from its date or

maturity? The question depends on a construction of the contract, which is quite plain. The terms of the two written instruments are in effect the same. The expression, *with legal interest*, is a well defined term, and too well understood to be regarded as surplusage. These words are never used without an important meaning in business matters.

The law allows interest from the time when the debt falls due, when not otherwise agreed. Contracts allow it according to their own terms. The contract in this case without the words "legal interest" would not have included interest until maturity, and the adoption of these words into it necessarily means from the date of the contract. The agreement was to pay on a particular day the debt with interest, and these words can not be applied to the time after maturity, because the law gives interest for that period without these words.

The consideration for these notes passed into the possession of the defendant at or about the date of the contract. The profits were probably equal to the interest on the notes given for the land. *Dorman* v. *Dibdon*, Ryan and Moody, N. P. Rep., 381; Chitty on Bills, 446.

No error.

PER CURIAM.                    Judgment affirmed.