LUCY A. JAMES, Appellant, v. MARY R. HIATT et al.,
Respondents.

St. Louis Court of Appeals, April 18, 1899.

Justice's Jurisdiction: COMPUTATION OF INTEREST. In the case at
    bar the appellant ignored the legal rule for the computation of
    interest and application of payments; had he followed the legal rule
    the balance due would have exceeded the jurisdiction of the justice
    of the peace. Held that the justice had no jurisdiction of the subject-
    matter of the suit.

*Appeal from the Greene Circuit Court.*—HON. JAMES T.
NEVILLE, Judge.

AFFIRMED.

E. T. MITCHELL, JR., for appellant.

The justice of the peace had jurisdiction. R. S. 1889,
sec. 6122. The jurisdiction of the justice of the peace is
sufficiently shown if it appears from the entire record in the
proceedings. Sappington v. Lenz, 53 Mo. App. 44. The
rendition of an excessive judgment by the justice does not go
to his jurisdiction, but is error merely; and having jurisdic-
tion, his power to decide right necessarily included the power
to decide wrong, so that, if he did render an excessive judg-
ment, it constitutes error only, and error does not diminish
jurisdiction. Simpson v. Watson, 15 Mo. App. loc. cit. 431;
Howland v. Railway, 134 Mo. loc. cit. 479, and cases cited.
Where the facts touching the acquisition of jurisdiction are
fully disclosed, the principles of law governing collateral at-
tack are no less favorably applied to judgments of justices of
the peace than to the jurisdictions of courts having more
extensive powers. Leonard v. Sparks, 117 Mo. loc. cit. 110;

Howland v. Railway, 134 Mo. loc. cit. 479.  In cases before justice of the peace the items sued on govern as to jurisdiction, and not the prayer for judgment.  Stevenson v. Porter, 45 Mo. 358.  It is well settled law in this state that a judgment, regular on its face, can not be impeached collaterally, and if there is any irregularity in the judgment of the justice, the defendants had their day in court and should have raised the question then.  The judgment is not now subject to collateral attack.  Fulkerson v. Davenport, 70 Mo. loc. cit. 546; Freeman on Judgments, sec. 524; Fagg v. Clements, 16 Cal. 389.

BARBOUR & McDAVID for respondents.

A party will not be allowed to split up a demand consisting of one entire debt so as to bring it within the jurisdiction of the justice. Robbins v. Conley, 47 Mo. App. 502, and cases cited; Dillard v. Railroad, 58 Mo. 73.  And it follows for the same reason, that a party can not change the name of certain items by calling them interest instead of principal in order to avoid the limitation of the statute.  It is true as claimed by appellants that "error does not diminish jurisdiction" and that "the power to render a correct judgment implies the power to render an erroneous or excessive one;" but this does not help appellant's cause since the point for which respondents contend is: that the justice had no jurisdiction to hear or determine the cause.  The statement filed bears on its face a notice to him that he had no jurisdiction of the the case.  The question of jurisdiction will be determined by the aggregate amount of specific items of the account. Stevenson v. Porter, 45 Mo. 358.  The aggregate amount of items here is $325, but of this last item, $167, some is interest or so much thereof as $158.45, the principal debt, would bear at eight per cent from April 23, 1894, to date of judgment, probably $25, which being deducted still leaves more

than $300 as the aggregate amount of items sued for exclusive of interest. No error was committed by the circuit court of which appellants can complain. Every fact necessary to support the judgment of such court appears on the face of the record and for any error that so appears, a judgment may be attacked collaterally or any other way. Freeman on Judgments, sec. 120; Hope v. Blair, 105 Mo. 85; York v. Roberts, 8 Mo. App. 140. And nothing is to be presumed in favor of the jurisdiction of a justice court. Cunningham v. Railroad, 61 Mo. loc. cit. 36; Ex parte O'Brien, 127 Mo. 477; Bank v. Doak, 78 Mo. App. loc. cit. 335. Nor can jurisdiction of subject-matter or amount be conferred by default agreement or consent; Tippach v. Briant, 63 Mo. 581; Cooper v. Barker, 33 Mo. App. 181; but must affirmatively appear from the record. Olin v. Zeigler, 46 Mo. App. 196; McQuoid v. Lamb, 19 Mo. App. 153, and cases cited.

BLAND, P. J.—The appeal is from an order of the Greene circuit court sustaining a motion to quash an execution which had been issued on a transcript judgment from a justice of the peace court. The motion to quash was on the ground that the justice by whom the judgment was rendered had no jurisdiction of the subject-matter of the suit. The statement filed before the justice on which the judgment (by default) was rendered, is as follows:

"Lucy A. James, Plaintiff, ⎫ Before J. M. Patterson,
vs. ⎬ Justice of the Peace, Campbell Township,
"Mary R. Hiatt and Reuben J. ⎭ Greene County, Mis-
"Hiatt, Defendants. souri.

"Comes now the plaintiff and states to the court that on the 23d day of April, 1891, defendants made, executed and delivered to plaintiff their promissory note for the sum of

fourteen hundred dollars, due two years after date with interest from date at the rate of 8 per cent per annum; that there was paid as interest on said note:

| | |
|---|---|
| May 2d, 1892 .............................$ | 121.00 |
| On April 31, 1893......:......... ...... | 112.00 |
| On April 23, 1894...... ............... | 112.00 |
| Paid on note July 17th, 1894................ | 114.00 |
| Paid on principal Feb. 12, 1896.............. | 1,200.00 |

Less cost of trustee's sale $44.45.

| | |
|---|---|
| Leaving a balance now due on the principal of said note of.... .......................$ | 158.45 |
| And interest to date, of....... ............. | 167.00 |

| | |
|---|---|
| Total amount now due and for which plaintiff asks judgment is....................$ | 325.45 |

Section 6122, Revised Statutes of 1889, confers jurisdiction on justices of the peace in all actions for the recovery of money, for breach of contract or in tort, when the sum demanded, exclusive of interest and costs, does not exceed $250. The long established legal rule for the computation of interest on promissory notes, where partial payments have been made, is, the interest is first to be calculated on the principal to the date of the first partial payment. If the payment equals or exceeds the interest, the interest should be added to the principal and from the sum of the two the payment should be deducted. If the payment should be less than the interest, then the interest should be calculated on the principal sum to date of second payment, or to a period when the sums of several successive payments equal or exceed the interest, when interest should be added to principal and the sum of the several payments deducted and so on to the last partial payment. Riney v. Hill, 14 Mo. 500; State ex rel. Christy v. Donegan, 94 Mo. loc. cit. 70; State to use

LEGAL rule for computing interest.

of Muss v. Shaw, 1 Mo. App. loc. cit. 519. The balance obtained in this manner furnishes, after each partial payment, a new principal sum, upon which interest is to be calculated, and each process shows the balance or principal sum due on the note. Appellant did not adopt this legal method in the calculation of interest and application of payments on the note which furnished the basis of the suit, but, to give the justice jurisdiction he ignored the legal rule, and arbitrarily applied the payment of $1,200 of February 12, 1896, to the principal and set aside the interest then due amounting to about $160 as a separate item. It is conceded that had the interest due on February 12, 1896, been added to the then principal of the note and the net payment of $1,155.55 deducted, the remainder would have exceeded $250, hence it follows that the justice had no jurisdiction of the subject-matter of the suit. But appellant contends that respondent should not complain, since the application of the credit to the principal was to his advantage, as it materially reduced the sum upon which interest could be thereafter calculated. It is not to be presumed that respondent waived her legal right to have the interest calculated and the credits applied as the law directs; she might have done this by an express agreement, but no court would be authorized to assume that she did so because it was apparently to her pecuniary advantage. It is also contended that because respondent was personally served with copy of the statement filed before the justice for suit and made default, that she thereby ratified the application of the $1,200 payment to the principal exclusively. No such inference can be logically drawn. It is more reasonable to infer that respondent assumed that the justice would, on the return day of the summons, when the facts would be made known to him, discover that he had no jurisdiction and dismiss the suit, than to infer that she ratified the illegal act of the appellant, done

JURISDICTION.

for the purpose of conferring jurisdiction. The justice had no jurisdiction of the subject-matter of the suit; his judgment was void and we approve the order of the learned trial judge quashing the execution. All concur.