JOSEPH CALL, Appellant, v. JOHN MOLL et al.,
Respondents.

St. Louis Court of Appeals, May 7, 1901.

1. **Practice, Trial:** PLEADINGS: TRIAL, ISSUE: ADMISSION IN
   PLEADING. An admission, by answer, of a substantive fact alleged
   in the petition, is indisputable on the trial of other issues raised by
   the same pleadings.

2. **Partial Payments:** INTEREST. The following is the rule for ap-
   plying partial payments (Riney v. Hill, 14 Mo. 500): "Interest is
   first to be calculated on a demand up to the first partial payment,
   then add the interest to the principal and deduct the payment there-
   from, then cast interest on the remainder to the second payment, add
   the interest to the remainder, and deduct therefrom the second pay-
   ment, and so on until the last partial payment, unless, in any case,
   the interest up to any payment shall exceed the payment, in which
   case such payment is to be deducted from the interest, and the ex-
   cess of interest is to be carried forward, without casting interest
   thereon, to the next payment that will discharge the excess."

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C.
Riley,* Judge.

REVERSED AND REMANDED.

*John A. Hope* for appellant.

(1) The special finding of facts, incorporated in the
judgment, is part of the record proper. Blount v. Spratt, 113
Mo. 48; Land Co. v. Bretz, 125 Mo. 418. (2) This court will

review the record proper and reverse the judgment for error found. Inglis v. Floyd, 33 Mo. App. 565; Mumma v. Standte, 24 Mo. App. 477; Beck v. Dowell, 40 Mo. App. 71. (3) The pretended counterclaim does not arise out of the "transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of this action." R. S. 1899, sec. 605. While scire facias to revive a judgment is referred to as an action, it is really not an original proceeding, but a mere continuance of a former suit. Kratz v. Preston, 52 Mo. App. 251; State v. Hoeffner, 124 Mo. 488; Ellis v. Johns, 51 Mo. 180; Humphreys v. Lemly, 37 Mo. 320; 18 Eng. Plead. and Prac., p. 1059. The action (of which this scire facias is a mere continuation) was begun prior to the January term, 1894, of the circuit court; therefore, the counterclaim should have been disallowed because not "existing at the commencement of the action," if the Harris et al. debt was paid after the date of the original judgment. R. S. 1899, sec. 605.

*W. H. Miller* for respondent.

No bill of exceptions having been filed in this case, the evidence can not be reviewed, and the judgment will not be disturbed unless error is apparent on the face of the record proper. In such case every presumption is indulged in favor of the findings of the trial court. Mercer v. Hinkson, 146 Mo. 458; Stern v. Foltz, 152 Mo. 552. Error must affirmatively appear before reversal will be permitted. Thompson v. Woolridge, 102 Mo. 505. If court's action be correct, its judgment will not be reversed because of incorrect reasons therefor. Ittner v. Hughes, 133 Mo. 679; Bank v. Harber, 88 Mo. 37.

BLAND, P. J.—Plaintiff filed in the circuit court of

Cape Girardeau county, a petition for writ of scire facias to revive a judgment, which he alleged he had recovered against defendants in said circuit court, on January 4, 1894, for $598. The answer or return of defendants to the writ admitted the rendition of the judgment as alleged in the petition and pleaded payment of the judgment. On August 24,. 1900, the circuit court rendered the following judgment:

"Joseph H. Call
        against          }   Revival of Judgment.
John Moll and Gus Moll. }

"Come now the parties, plaintiff and defendant, by their respective attorneys, and the cause coming on to be heard, is taken up and submitted to the court, and the court having seen and heard the evidence in this cause, finds the issues for the plaintiff in the sum of one hundred and twelve and forty-five one-hundredths dollars. Comes now the defendant and files his motion and demands a special finding of facts, in accordance with the statutes herein, whereupon the court finds:

"Joseph H. Call  }
        v.        }   Special Finding of Facts.
John Moll.        }

"This cause coming on to be heard, and the court having heard the evidence as well as arguments of counsel, and the defendant's counsel having by motion demanded a special finding of facts in accordance with the statute, in obedience and in response to said motion the court doth find as follows:

"1.   That the judgment was obtained in this court on the fourth day of January, 1894, in the sum of $558 with interest from date at the rate of six per cent; that on the twenty-first

day of February, 1894, there was issued upon said judgment an execution, under which said execution certain personal property was sold and the net proceeds thereof, after paying the costs, was $53.20, which should go as credit upon said judgment; that under said execution one Henry Roloff was garnished as a creditor of the defendant, John Moll, and that in response to said garnishment the said Henry Roloff paid a net sum on said judgment and indebtedness of $20.60, which said sum should go as a credit on said judgment; that under the same execution, and on the same date, and under the same circumstances, one Edward Mavers was garnished and paid on said judgment a net sum of $12.60, which should go as a credit upon said judgment.

"2. The court further finds that at the time of the execution of the note, which was subsequently merged into the judgment herein, the plaintiff and the defendant, John Moll, were jointly indebted to a concern known as the Harrison Machine Works in the sum of $594; that it was mutually agreed and understood between the parties that this indebtedness should be jointly paid by them, and that if the defendant, John Moll, should pay, or relieve from payment thereof, the plaintiff, Joseph H. Call, he should have credit on said note, or judgment, if rendered before said payment, in the sum of one-half of the plaintiff's share in said indebtedness; that subsequent to the rendition of said judgment, in pursuance of said agreement, the defendant, John Moll, paid, or caused to be paid, principal and interest for and on behalf of the plaintiff, and that his half of said indebtedness so paid was the sum of $387.29, which said sum the court finds was by agreement of parties to be entered as a credit upon said judgment; that taking the said sum of $387.39, and adding thereto the sum of $86.40, realized under said execution as aforesaid, the defendant is entitled as a credit on such judgment of a sum of

$463.69; that, allowing him interest on said judgment at the rate of six per cent, and on the payment at a like rate, the court finds there is yet unpaid on said judgment the sum of $112.45. The court finds that for the remainder of the judgment the same should be revived.

"It is therefore considered, ordered and adjudged, that said judgment against John Moll, defendant, in favor of Joseph Call, plaintiff, be revived in the sum of one hundred twelve and forty-five one-hundredths dollars, and that the plaintiff, Joseph H. Call, have and recover of and from the defendant, John Moll, the last-mentioned sum, together with his costs in this behalf expended, and that he have hereof execution therefor."

From this judgment plaintiff appealed. No motion for new trial was filed nor did the plaintiff preserve the evidence by bill of exceptions. All we have before us, therefore, is the record proper. The contention of appellant is that the court committed error in finding that the judgment was for $558 against the solemn admission of the defendants that it was for $598, and that the court also erred in its calculation of interest and in the application of the partial payments on the judgment. No reason is assigned nor facts stated by the court to justify the finding against the admission that the judgment was for $558 instead of $598, this finding was erroneous. It is a universal rule of practice that an admission by answer of a substantive fact alleged in the petition is indisputable on the trial of other issues raised by the same pleadings and the finding of the court that the judgment was rendered for $558 instead of $598 is against a fact which respondent was estopped to deny by the record he had made and which the court was equally bound to observe in its finding of the facts. Laney v. Garber, 165 Mo. 355; Cloud v. Inhabitants of Peirce City, 86 Mo. 357. The basis of the court's calculations from which it arrived at the

conclusion that the balance due on the judgment was $112.45 being erroneous, the result of the calculation is necessarily erroneous. To arrive at the correct result the account must be recast, but it is impossible to do this here for the reason that the dates of the several payments are not given in the findings of the facts by the court. We are therefore driven to the necessity of reversing the judgment and remanding the cause for retrial. On retrial, in respect to the application of the several payments the court may find to have been made on the judgment, the court should observe the rule for applying partial payments announced in the case of Riney v. Hill, 14 Mo. 500.

Judgment reversed and cause remanded. Judge *Bond* concurs; Judge *Goode* in the result.