INA M. DUNLAP, Respondent, v. JOSEPH H. KELLEY, Appellant.

Kansas City Court of Appeals, January 8, 1906.

1. **BILLS AND NOTES: Interest: Beginning to Run.** If a note is silent as to when interest begins to run, it will not commence until maturity; but if it discloses an intention to begin with the date, it will so do. Various construed stipulations mentioned.

2. ———: ———: ———: **Legal Interest.** Where the stipulation does not fairly and reasonably disclose that interest is to be drawn from date and such stipulation can be applied to the period after maturity and without it the same rate would not be given by law, then the note should be construed as drawing interest from maturity. Missouri cases considered.

3. ——: ——: ——: **Contract.** Though a contract to pay at a certain time with interest means to pay when due with accrued interest, yet where the contract is to pay the sum "with interest at eight per cent per annum," no time is prescribed for interest to begin and it will only run from default.

4. ——: ——: ——: **Instruction: Pleading: Evidence.** An instruction in relation to the time when interest begins to run, following neither the pleading nor the evidence, is condemned.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman*, Judge.

REVERSED AND REMANDED.

*W. D. Steele* for appellant.

(1) The plaintiff offered no proof whatever of her ownership of the note sued on. Pattison's Code Pleading, sec. 353; Donovan v. Pottery Co., 9 Mo. App. 595; Worrell v. Roberts, 58 Mo. App. 197; Bank v. Pennington, 42 Mo. App. 355; Saville v. Huffstetter, 63 Mo. App. 273. (2) "No rule of law is more firmly grounded in the practice of this State than that the jury is the sole judge of the weight of evidence and the credibility of witnesses. Upon this part of their province no judge is permitted to go." Gregory v. Chambers, 78 Mo. 296; Schroeder v. Railway, 108 Mo. 322; Land Co. v. Ross, 135 Mo. 101; Seehorn v. Bank, 148 Mo. 256; Gannon v. Gas. Co., 145 Mo. 502. (3) Interest don't begin to run until a note is due, unless so expressed in the note. Field v. Baum, 35 Mo. App. 511; Poulson v. Collier, 18 Mo. App. l. c. 604; Cates v. Nickell, 42 Mo. 169; Burghart v. Brown, 60 Mo. 24. (4) It will thus be seen that the court, under said peremptory instruction, required the jury to calculate interest on said note for plaintiff for a period of six months before said note began to draw interest, and said instruction also required the jury to calculate interest for plaintiff from the 10th day of December, 1893, to date, being interest for six years longer than plaintiff prays for in her petition. And the jury

found their verdict in accordance with said peremptory instruction.

*Sangree & Bohling* for respondent.

(1) When it becomes necessary to prove the indorsement of a note, an affidavit of a competent witness proving such indorsement shall be received as prima facie evidence of such indorsement. R. S. 1899, sec. 3129. Such affidavit establishes prima facie the indorsement. Woolen Mills v. Myer & Co., 43 Mo. App. 128. A prima facie case or evidence is that which is received and continues until the contrary is shown. Troy v. Evans, 97 U. S. 267; Stillwell v. Patton, 108 Mo. 353. (2) Possession of a note regularly indorsed entitles the holder to recovery. In such a case there is nothing to be submitted to the jury and the plaintiff is entitled to a peremptory instruction. Bank v. Hainline, 67 Mo. App. 483; Powell v. Price, 111 Mo. App. 321. (3) The note in suit bears interest from date, and by the terms of the note the maker promises to pay to the payee sixty dollars, six months after date, with interest at the rate of eight per cent per annum. The parties to the note regarded the interest payable from the date of the note and so treated it.

ELLISON, J.—This action is based on a promissory note executed by defendant to the plaintiff. She recovered judgment in the trial court. The case was before us on another appeal (105 Mo. App. 1.) The note was made to the plaintiff. She indorsed it to another and he afterwards indorsed it back to her. These indorsements were alleged, but not proven, and on that account we remanded the cause for another trial. At the last trial, the court peremptorily instructed the jury to find for the plaintiff and a verdict for $113.56 was rendered on February 7, 1905. We regard that there were such irregularities and errors in the trial

as require that the cause be again remanded. The note is as follows:

"Sedalia, Mo., Dec. 10, 1890.
"Six months after date, I promise to pay to the order of Ina M. Dunlap, sixty dollars, for value received, Int. at 8 per cent per annum.
(Signed) "JOSEPH H. KELLEY."

There was indorsed on the back thereof the following payments: "March 5, 1892, $4.80; Oct. 12, 1892, $4.80; Dec. 11, 1893, $4.80." The petition alleges, "That said payments paid the interest on said note up to December 10, 1893; that all of said note, to-wit, the sum of sixty dollars is now due, owing and unpaid with interest thereon from December 10, 1893, at the rate of eight per cent per annum, making the balance amount due, December 10, 1899, $88.80. Wherefore plaintiff asks judgment against the defendant for the sum of $88.80 with interest thereon at the rate of eight per cent per annum from December 11, 1899, and the costs of this suit."

The answer was a general denial. The peremptory instruction referred to is as follows: "The court instructs the jury that under the pleadings and evidence in this case your verdict must be for the plaintiff, for the principal of the note sued on with eight per cent simple interest thereon from the 10th day of December, 1893, to date."

There was no evidence to support the allegation that the payments were payments of interest for three years up to December 10, 1893. The evidence is silent whether they were payments for interest or on the principal. As a matter of fact, the payments exceed the interest up to December 10, 1893, and the court was not justified in assuming that they were payments of interest and that the whole of the principal was still due on December 10, 1893. Under the rule laid down for computing interest where there have been partial pay-

ments (Call v. Moll, 89 Mo. App. 386), it makes a difference in the amount due whether the payments are considered interest instead of principal; though such difference is very slight in this case.

The instruction assumes that interest should run from date. But it will be noticed that the note does not specify that the interest shall run from that time. It merely reads, "interest at eight per cent per annum." The time when interest should begin to run on an indebtedness, when it is not specifically stated, is frequently difficult to determine. It may however, be said of indebtedness generally that, in the absence of an agreement to the contrary, it does not begin to bear interest until it is due. So, therefore, if a written obligation is silent as to the time when it will begin to draw interest, it will not do so until maturity. [Miller v. Cavanaugh, 99 Ky. 377.] But, if the writing itself discloses an intention that interest shall begin with the date, it will do so. Thus, a note due three months after date for $1,500, "with interest at rate of four per cent per annum," means from date. [Dewey v. Bowman, 8 California 145.] To the same effect is Salazor v. Taylor, 18 Colorado 538; and Campbell v. Jones, 79 Alabama 475. In such cases, the promise is considered to be to pay the money *at the time* it is due *with* interest. In another class of cases, where a note reads, that, "On the 25th of December, 1873, I owe and promise to pay to G, with legal interest the sum of $192," it draws interest from date. [Gholson v. King, 79 N. C. 162.] So if it reads, "Eight months after date, pay me or my order the sum of 100 l. for value received, *with lawful interest for the same*" (Doman v. Dibden, 1 R. & M. 381), or, if it reads for "25 l. payable four months after date, *bearing interest*" (Kennerly v. Nash, 1 Stark. 452), the interest begins from date. Those cases contemplated the legal rate and they are put upon the ground that it must be presumed the parties meant something by stipulating for interest, and, as the law itself would give interest at the

legal rate after maturity, it must be supposed the parties intended something more than that which could have been had without the use of such words, viz., interest from date.

But in the case at bar, if there had been no stipulation for interest at eight per cent, the note would not have drawn that rate after maturity, it would only have drawn six per cent. In the foregoing cases, unless the words as to interest be allowed the force to give interest from date, they would have no office to perform and need not have been used, since the law itself would have given interest from maturity without them. In the case at bar the words, "interest at eight per cent per annum," are as much necessary for that rate after the maturity as after the date of the note, for, but for those words the note would only have drawn six per cent after maturity, that being the legal rate in this State. [Sec. 3705, R. S. 1899.] So where the stipulation as to interest does not fairly and reasonably disclose that interest is to be drawn from date and such stipulation can be applied to the period after maturity, and without it the same rate would not be given by law, then the note should be construed as drawing interest from maturity. This is the view taken in Wernwag v. Mothershead, 3 Blackf. 401, and Billingsly v. Cahoon, 7 Ind. 184, as is shown in Hackenberry v. Shaw, 11 Ind. 392.

A similar question was before the Supreme Court of this State in Ayres v. Hayes, 13 Mo. 252. That was a written contract witnessing the sale of some land, in which it was provided that the land should be paid for "in the following manner, viz., one-half the amount on the first day of November next, and the balance on the first of November, 1841, with eight per cent interest." It was held, with some reluctance, that interest ran only from maturity. The promise, in that case, being to pay the principal "*with* eight per cent interest," would seem to render the case out of harmony with some of the cases above cited from other States as well as that of Hard

v. Foster, 98 Mo. 297, 311, and Green v. Kennedy, 6 Mo. App. 577. The case was criticised in Pitzer v. Barret, 34 Mo. 84, where it was held that a note for a certain sum "with ten per cent interest thereon till paid," drew interest from date.

As intimated above; we regard a contract to pay a sum of money at a certain time *with* interest means that the payor is to pay it when due with the interest then accrued, that is, interest from date. But we have not such contract. The contract before us does not promise to pay sixty dollars in six months with interest, but the promise is that in six months the defendant will pay sixty dollars, "interest at eight per cent per annum;" which we interpret to mean that no time is prescribed at which interest will begin and that, therefore, it will only run from time of default.

It appears by the petition, quoted above, that plaintiff strangely enough cast the interest due up to December 10, 1899, and then prayed judgment for interest from that date on the amount thus ascertained to be due. The prayer for interest is from 1899, yet the instruction of the court directs the jury to allow interest from 1893. It was. erroneous. [Moore v. Dixon 50 Mo. 424.] The error doubtless came about by the plaintiff casting interest up to a certain date, adding it to the principal and then asking interest on the total from that date. We think the indorsement or transfer of the note from plaintiff and by the indorsee back to plaintiff was sufficiently proven. The judgment will be reversed and the cause remanded. All concur.