INA M. DUNLAP, Respondent, v. JOSEPH H. KELLY, Appellant.

Kansas City Court of Appeals, April 6, 1908.

1. APPELLATE PRACTICE: Review: Motion for New Trial: In Arrest. An appellate court will not review a proceeding or judgment which has not been finally passed upon by the trial court either in the motion for new trial or in arrest.

2. BILLS AND NOTES: Partial Payments: Interest: Instruction. An instruction relating to the computation of interest in case of partial payments on a note is condemned since it omits therefrom the condition "unless in any case the interest up to any payment shall exceed the payment, in which case, such payment is to be deducted from the interest, and the excess of the interest is to be carried forward, without casting interest thereof, to the next payment that will discharge the excess."

Dunlap v. Kelly.

3. **APPELLATE PRACTICE: Prejudicial Instruction: Insignificant Error.** The above instruction is prejudicial and would warrant a reversal but for the application of the maxim *de minimis non curat lex* and a remittitur of fifty-two cents.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

AFFIRMED *si.*

W. D. *Steele* for appellant.

(1) The court erred in refusing defendant's peremptory instruction in the nature of a demurrer to the evidence asked at the close of all the evidence in the case. Bank v. Donnell, 35 Mo. 373. (2) The court plainly committed error in giving plaintiff's instruction number two. Call v. Mall, 89 Mo. App. 386; Riney v. Hill, 14 Mo. 500; Dunlap v. Kelly, 115 Mo. App. 610.

*Sangree & Bohling* for respondent.

(1) Since the defendant failed to file a motion in arrest of judgment, he cannot here question the sufficiency of the petition. Warner v. Morin, 13 Mo. 455; Woods v. State, 10 Mo. 698; Bowling v. McFarland, 28 Mo. 465. (2) The next question is since plaintiff admits that under the instruction the jury were told to calculate interest of forty-nine cents at the rate of eight per cent for thirteen years and since the plaintiff hereby enters a remittance of this excess of interest, amounting to fifty-two cents, if the case should be reversed for this error. The Supreme Court or Courts of Appeals shall not reverse the judgment of any court unless it shall believe that error was committed by such court against the appellant or plaintiff in error, materially affecting the merits of the action. R. S. 1899, sec. 865. Section 866 provides that this court may give such judgment as to it shall seem agreeable to law. (3) The following are some of the cases which the ap-

pellate courts of our State have refused to reverse notwithstanding intervening error on the ground that the judgment was for the right party. Tate v. Barcroft, 1 Mo. 163; Wear v. McCorkle, 1 Mo. 588; Swearengen v. Orne, 8 Mo. 707; Garesche v. Deane, 40 Mo. 168; Hedecker v. Granzorn, 50 Mo. 154; Dunbar v. Weightman, 51 Mo. 432; Jackson v. Magruder, 51 Mo. 55; Sinclair v. Bradley, 52 Mo. 180; Nelson v. Foster, 66 Mo. 381; Noble v. Blount, 77 Mo. 235; Glass Co. v. Sewing Machine Co., 88 Mo. 57; Sebree v. Patterson, 92 Mo. 451; Deal v. Cooper, 94 Mo. 62; Ghio v. Beard, 11 Mo. App. 21; Brown v. Railway, 20 Mo. App. 427; Brooking v. Shinn, 25 Mo. App. 277; Hunter v. Transp. Co., 25 Mo. App. 660; Kortjohn v. Seimers, 29 Mo. App. 271; Bassett v. Glover, 31 Mo. App. 150; Cheek v. Waldron, 39 Mo. App. 21; Beiler v. Devoll, 40 Mo. App. 251; Hall v. Small, 178 Mo. 629; Trust Co. v. Crutcher, 169 Mo. 444; Walker Bros. v. Railway, 68 Mo. App. 465; Link v. Prufrock, 85 Mo. App. 618. Or because no other result could properly be attained upon a new trial: Otto v. Bent, 48 Mo. 23; Conley v. Doyle, 50 Mo. 234; Baker v. Shaw, 35 Mo. App. 611. Or because the result arrived at was the only one that could have been properly arrived at under the evidence in the case. Fitzgerald v. Barker, 96 Mo. 661; Keen v. Watson, 39 Mo. App. 165.

JOHNSON, J.—Action on a promissory note. Verdict and judgment were for plaintiff in the sum of $116.70. The cause has been here twice before on appeals of defendant (105 Mo. App. 1; 115 Mo. App. 610), and each time was reversed and remanded.

The facts of the case as well as the grounds on which it was remanded appear in the former opinions and need not be repeated here. At the last trial, defendant objected to the introduction of evidence on the ground that the petition failed to state a cause of action and, at the close of the evidence, offered a demurrer to

the evidence based on the same ground. We think the petition does sufficiently state a cause of action but we shall not consider the objection for the reason that defendant did not preserve it by filing a motion in arrest of judgment. The rule is well settled that an appellate court "will not consider anything as a ground for reviewing a proceeding or judgment of the circuit court which has not been finally passed upon by that court, either in a motion for a new trial, if the alleged error has relation to proceedings during the trial, or in arrest of judgment if relating to the pleadings." [Warner v. Morin, 13 Mo. 455; Woods v. State to use, 10 Mo. 698; Bowling v. McFarland, 38 Mo. 465.]

Objection is made to the following instruction given at the instance of plaintiff: "The court instructs the jury that if you find for the plaintiff you will calculate the interest on the principal of the note sued on from the maturity of said note, to-wit: six months after the date thereof, up to the first payment made on said note at the rate of eight per cent per annum; then add the interest so found to the principal and deduct the first payment therefrom, then calculate the interest on the remainder from the date of said first payment to the date of the second payment, add the interest to the remainder and deduct the second payment; then calculate the interest on the remainder from the date of the second payment to the date of the third payment; add the interest to the remainder, then deduct the third payment therefrom, then calculate the interest on the remainder from the date of said third payment to this date, then add the interest to the remainder and for the sum so found, you should return your verdict." The true rule to be followed in the computation of interest on a promissory note where partial payments have been made thus is stated by the Supreme Court in Riney v. Hill, 14 Mo. 500: "Interest is first to be calculated on a demand up to the first partial payment, then add the

interest to the principal and deduct the payment therefrom, then cast interest on the remainder to the second payment, add the interest to the remainder, and deduct therefrom the second payment, and so on until the last partial payment, *unless, in any case, the interest up to any payment shall exceed the payment, in which case, such payment is to be deducted from the interest, and the excess of the interest is to be carried forward, without casting interest thereon, to the next payment that will discharge the excess."*

It will be noticed that part of the rule we have italicized was omitted from the instruction under consideration and as it appears that one of the partial payments endorsed on the note was less than the interest which had accrued after the preceding partial payment was made, the result of the computation of interest made by the jury in obedience to the rule given in the instruction exceeded by fifty-two cents the amount actually due under the proper rule. The principles recently discussed and applied by us in the case of Kroge v. Modern Brotherhood, 105 S. W. 685, 126 Mo. App. 693, would require us to hold the error to be prejudicial but for the insignificance of the amount of the excess. We deem this to be a case for the application of the maxim *"de minimis non curat lex"* and, since plaintiff has offered to enter a remittitur for the fifty-two cents, are of opinion that the ends of justice will be served best by affirming the judgment on condition that the remittitur be entered within ten days from the filing of this opinion.

It is so ordered. All concur.