EMMA THOELE, Respondent, v. MARVIN PLAN-
ING MILL COMPANY, Appellant.

St. Louis Court of Appeals. Submitted on Briefs May 6, 1912.
Opinion Filed June 4, 1912.

1. WATERS AND WATERCOURSES: Eavesdrip: Action for
Damages: Pleading: Sufficiency of Petition. In an action for
damages for the erection and maintenance, on defendant's land,
of sheds or piles of lumber in such a position as to divert rain-
water from its natural course on defendant's land onto plain-
tiff's adjoining land, causing it to be discharged against a build-
ing thereon, thereby injuring the same, the petition is *held* to be
a copy of the petition which was approved in Paddock v.
Somes, 102 Mo. 226; and, accordingly, it is *held* that the pe-
tition states a cause of action.

Thoele v. Planing Mill Co.

2. ——: ——: ——: Right of Action: Pleading: Malice and Wilfulness: Surplusage. In an action for damages for erecting and maintaining sheds or piles of lumber in such a position as to divert rainwater from defendant's land to plaintiff's adjoining land, a showing that the erection and maintenance of the lumber was wrongful was sufficient to warrant a recovery; and allegations in the petition that defendant wilfully and maliciously piled the lumber should be rejected as surplusage, upon the withdrawal by the court of the prayer for punitive damages, and hence it was not necessary for plaintiff to prove that defendant's acts were willful or malicious, in order to avoid a variance between the allegations and the proof.

3. ——: ——: ——:·Instructions. In an action for damages for wrongfully discharging rainwater upon plaintiff's land, an instruction that if defendant, owning land adjoining that owned by plaintiff, piled lumber on his land in watersheds, so as to divert and discharge the rainfall thereon upon plaintiff's land in greater volume than it would flow in its natural course, and thereby injured the wall of plaintiff's building and lessened the value of his property, plaintiff could recover, was proper.

4. ——: ——: ——: ——: Measure of Damages. In an action for damages for wrongfully discharging rainwater on plaintiff's land, an instruction that the measure of damages was the difference in value of the property before and after the injury, resulting from the diversion of the water from its natural course and causing it to be discharged in increased volume against plaintiff's building, but not from any other cause, and not from any such diversion of water as might thereafter take place, was correct.

5. ——: ——: ——: Right of Action. The act of a landowner in piling lumber on his land in such a manner as to cause the accumulation of rainwater thereon and its precipitation on adjoining land gives the owner of such adjoining land a cause of action for the damage sustained.

6. ——: ——: ——: Sufficiency of Evidence. In an action for damages for erecting and maintaining sheds or piles of lumber in such a position as to divert rainwater from defendant's land to plaintiff's adjoining land, evidence *held* sufficient to warrant a recovery by plaintiff.

7. REAL PROPERTY: Right of Action for Injuring: Possession or Claim of Title: Waters and Watercourses. Possession of land under claim of title, or a claim of title in fee for more than sixteen years, with or without possession for that time, is sufficient title to maintain an action against an adjoining owner for the wrongful discharge of rainwater resulting in injury to such land.

8. **WATERS AND WATERCOURSES:** Surface Water: Common Law Rule. The common law rule with respect to surface water prevails in this state.

9. **APPELLATE PRACTICE:** Misconduct of Jury: Review. The trial court's denial of a new trial on the ground of misconduct of the jury, upon a hearing of contradictory affidavits, is conclusive on appeal.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

AFFIRMED.

*C. F. Ziebold* for appellant.

(1) The amended petition does not state a cause of action. Cox v. Railroad, 174 Mo. 588; Beauchamp v. Taylor, 132 Mo. App. 92; Mehonray v. Foster, 132 Mo. App. 229; McCormick v. Railroad, 57 Mo. 433; Abbott v. Railroad, 83 Mo. 271; Gannon v. Hargadon, 87 Am. Dec. 625. (2) Plaintiff must prove her case as alleged, though including unnecessary allegations. Dunlap v. Keely, 105 Mo. App. 1, 115 Mo. App. 612. (3) Plaintiff's instructions 1 and 2, should have been refused. Citations under point 1. (4) Defendant's instruction, in nature of demurrer, offered at close of plaintiff's case, should have been given. Citations under point 1. (5) There was no proof of plaintiff's fee ownership, but of possession under claim of title only, and defendant's instruction against the recovery of damages for permanent injury should have been given. In nuisance, to entitle, to damages for permanent depreciation of property, plaintiff must prove her ownership in fee. Watts v. Loomis, 81 Mo. 236; 2 Jaggard on Torts, p. 793, sec. 243; Restetsky v. Railroad, 106 Mo. App. 382; Zeitinger v. Hackworth, 117 Mo. 505. (6) Misconduct of juror is cause for new trial. Scott v. Tubbs, 43 Colo. 221. (7) Common law rule prevails in Missouri, as to surface waters. 174 Mo. 588; 57 Mo. 433; 83 Mo. 271. (8) Mere diverting of

surface waters, not done recklessly, gives no cause of action. Citations under point 1.

*Evan A. Smith* for respondent.

(1) The form of the petition approved. Paddock v. Somes, 102 Mo. 226. (2) The rule that surface water is a common enemy against which a landlord may guard in his own way, and that in improving his own land in a proper manner he is not liable for turning surface water on his neighbor is subject to the limitation that one cannot collect surface water on his own premises and discharge it in a body on the land of his neghbor to his injury. Rychlicki v. St. Louis, 98 Mo. 497; Paddock v. Sones, 102 Mo. 226; Ready v. Railroad, 98 Mo. App. 467; Lewis v. City of Springfield, 142 Mo. App. 84; Grant v. Railroad, 149 Mo. App. 306; Jackson v. Railroad, 135 S. W. 977. (3) Defendant having answered and gone to trial, all objections to the sufficiency of the petition are waived save its sufficiency to support the judgment. McKinney v. Northcutt, 114 Mo. App. 146; O'Brien v. Transit Co., 212 Mo. 59. (4) Quiet, peaceable, adverse possession for ten years under color of title vests perfect title and is sufficient to support this action against defendant as a wrongdoer. Watts v. Loomis, 81 Mo. 236; Restetsky v. Railroad, 106 Mo. App. 382; Adams v. Gossom, 228 Mo. 622; Franklin v. Cunningham, 187 Mo. 184; Sherwood v. Baker, 105 Mo. 472; Swanson v. Lexington, 69 Mo. 157. (5) Granting a new trial upon the ground of misconduct of a juror rests largely in the discretion of the trial judge, and its action will not be disturbed in the absence of evidence showing it was clearly wrong. McGraw v. O'Niel, 123 Mo. App. 691; Hamberger v. Rinkel, 164 Mo. 398; Bank v. Fults, 115 Mo. App. 42; Reed v. Mexico, 101 Mo. App. 155; Kennedy v. Holliday, 105 Mo. 24.

REYNOLDS, P. J.—This is an action for damages to the premises of plaintiff, alleged to have been sustained by reason of defendant piling lumber on its premises and immediately adjoining those of plaintiff, in such a manner as to cause the water which fell on this lumber to drain over on to plaintiff's premises and injure them.

The petition sets out that on a day named defendant being in possession of the premises described as adjoining those of plaintiff, wrongfully, wilfully and maliciously piled lumber upon its land "in great water sheds or lumber piles, slanting from west to east, thereby wrongfully, maliciously and wilfully diverting from its natural course the rainfall and water falling on and being on said tract of land of defendant as well as the drainage and wrongfully and maliciously cause the same to be discharged and to flow on the building lots aforesaid of plaintiff heretofore described, and against the walls of the building situated thereon, and ever since said —— day of January, 1907, unlawfully continues to pile said lumber as aforesaid and unlawfully to maintain said lumber sheds or lumber piles and flow of water and drainage upon and against the lots and property of plaintiff; thereby softening the ground under the foundation of plaintiff's building on said lot, and rotting and disintegrating the foundation of plaintiff's said building and the walls thereof, and causing the walls and foundation of said building to sink, and the walls thereof to crack and split, and to fill with moisture, the plaster to crumble and peel, the paper fade and come off, and the cellar under said building to fill with water, thereby rendering said building injured, dangerous, hazardous, unwholesome and unfit for use, and the said lots of said plaintiff unfit for building purposes, and greatly damaging and destroying the market value of plaintiff's said property to the damage of plaintiff in the sum of $2000; that defendant, though often re-

quested, has neglected and refused to desist from maintaining said lumber piles and lumber sheds and diverting the natural flow of water and drainage as aforesaid on its property, on to and against the property of plaintiff, thereby rendering and continuing to render plaintiff's said property useless, dangerous, injured and damaged as aforesaid, unhealthful and unwholesome to plaintiff; that plaintiff has no adequate remedy, and to avoid a multiplicity of suits, plaintiff asks judgment for the said sum of two thousand dollars actual damages, and two thousand dollars punitive damages and costs; and that an injunction issue from this honorable court perpetually restraining defendant and ordering it, its officers, agents and employees to cease maintaining said lumber piles and lumber sheds, and cease diverting the natural flow  of water and drainage from the aforesaid property of defendant on to and against the above described property of plaintiff, and for such other and further relief as to this honorable court may seem meet and proper.''

The answer is a general denial.

The case was tried before a court and jury and at its conclusion the jury returned a verdict in favor of plaintiff for $500.  A motion for new trial having been interposed, the court directed plaintiff to remit $200 of the verdict which plaintiff did under protest and judgment was accordingly rendered for $300 damages. From this, after interposing a motion for new trial, which was overruled, defendant duly saving exceptions, perfected appeal to this court.

At the instance of plaintiff the court gave two instructions which are complained of by defendant. The first is to the effect that if the jury found that plaintiff at the time mentioned in the petition was and still is the owner of the property described; that defendant

is the owner of the tract adjoining it on the western side of the property and that in the month of January, 1907, and thereafter, defendant piled and maintained piles of lumber upon its land in water sheds or lumber piles slanting from west to east and these lumber piles diverted or changed from its natural course the rainfall upon the tract of land and caused it to be discharged and flow on. or against the property of plaintiff in greater volume than it would flow in its natural course and thereby caused the wall of plaintiff's property and the building and property to be injured and made of less value, the jury should find the issues for plaintiff. The second is to the effect that if the jury found for plaintiff they should assess her actual damages at the depreciation in value, if any, of plaintiff's property, "that is, the difference in value, if any, of the property, before and after the injury which you believe and find from the evidence to have been the result of diversion of water from its natural course and causing it to flow and be discharged in increased volume against the building on plaintiff's property, but not from any other cause, and not from any such diversion of water which may hereafter take place, if any."

Plaintiff asked an instruction looking to punitive damages which the court refused.

At the instance of defendant the court gave a number of instructions which are not set out by appellant in its abstract but are furnished by respondent in a supplemental abstract. It is not necessary to set out these instructions in full. One of them is to the effect that the owner of a house has no right to demand that the owner of an adjoining lot keep the lot vacant and unused in order to allow access of light and air to the building and that if the jury believe from the evidence that no more water splashed against the building of plaintiff from the lumber piles of defendant than would have fallen against the wall had the lot of de-

fendant remained vacant, their verdict must be for defendant even though they found that the wall did not dry as quickly as it would have done in case the lot had remained vacant and unoccupied.

Another instruction told the jury that unless they found from the evidence that water was cast from defendant's lumber piles upon the building and lot of plaintiff their verdict must be for defendant, "and in no case can the verdict exceed in amount the direct damage caused by water cast upon said building or lot of the plaintiff."

Another instruction told the jury that in estimating damages, if any, sustained by plaintiff, they must not take into consideration any damages caused by the continued dampness of the walls of the house resulting from the house being shaded by the piles of lumber on defendant's premises.

Another instruction told the jury that if they found in favor of the plaintiff, their verdict must not be for a greater amount than the direct damage caused to plaintiff's building and lot by water cast upon said building from defendant's lumber piles as shown by the evidence in the case.

Another instruction told the jury that defendant had a lawful right to pile its lumber anywhere on its own premises and that if the jury believe from the evidence that defendant used ordinary care in so piling its lumber on its own property and that the injuries complained of by plaintiff were caused by having constructed her house on or along the west line of her lot, then plaintiff could not recover and the verdict must be for defendant.

The final instruction told the jury that there is no evidence in the case warranting them in finding punitive damages against defendant and they must not assess any punitive damages against it in the case.

These were all given at the instance of defendant. Defendant asked two other instructions which

were refused. One was in the nature of a demurrer to the evidence; that under it plaintiff could not recover and the jury must so find. The second refused instruction was "that under the evidence plaintiff cannot recover for any permanant injury to the building."

Defendant, appellant here, assigns nine grounds for a reversal. First, that the petition fails to state facts sufficient to constitute a cause of action. Second, that plaintiff must prove her case as alleged though any allegations made be unncessary. Third, that the first and second instructions given for plaintiff should have been refused. Fourth, that defendant's instruction in the nature of a demurrer offered at the close of plaintiff's case should have been given. Fifth, that there is no proof of plaintiff's fee simple ownership and defendant's instruction that plaintiff cannot recover for any permanant injury should have been given. Sixth, there was misconduct by one of the jurors such as to entitle defendant to a new trial. Seventh and eighth, that the common law rule as to surface water is the rule that prevails in this state and the mere diverting and casting of surface water is no cause of action unless it is recklessly cast on an adjoining owner. Ninth, that there is a fatal variance between plaintiff's pleading and her proof and the instructions given for plaintiff as well as an utter absence of proof of wilfullness and malice and even recklessness.

With reference to the first assignment, that the petition does not state a cause of action, it is sufficient to refer to the case of Paddock v. Somes, 102 Mo. 226, 14 S. W. 746. Comparing the petition in the case at bar with that in Paddock v. Somes, it would appear that one had been copied from the other. We therefore rule the point that the amended petition fails to state facts sufficient to constitute a cause of action against appellant.

Appellant relies in support of its second assignment, that plaintiff has not proved her case as alleged and that by making allegations as to the erection and maintenance of the lumber piles and diversion of water being done maliciously and wilfully, and failing to prove these averments, there is a fatal variance between the *allegata et probata*. In support of this appellant relies upon the two cases of Dunlap v. Kelly, 105 Mo. App. 1, 78 S. W. 664, and 115 Mo. App. 610, 92 S. W. 140. An examination of those cases does sustain this proposition. Undoubtedly the words maliciously and wilfully as used had reference to the prayer for punitive damages. This was mixed with the prayer for actual damages and the allegations necessary to sustain the former and had become immaterial for the identical reason stated by Judge Sherwood in Paddock v. Somes, supra. These words can be rejected as surplusage—unnecessary allegations. It was sufficient to maintain the action if the erection and maintenance of this lumber pile was unlawful, that is to say, wrongful. That it was done wilfully and maliciously is immaterial, in view of the fact that the court took from the jury the consideration of punitive damages and none were allowed, actual damages only being awarded.

We are unable to discover any error in the first and second instructions given at the instance of plaintiff and certainly when considered in connection with the instructions given at the instance of defendant, appellant here, it must be said that the case was presented to the jury in the most favorable light possible for this appellant. There is no merit whatever in the contention that the instruction asked by defendant in the nature of a demurrer should have been given. The evidence was ample to sustain the case made by plaintiff in the petition, that the piling of this lumber on the lot of defendant did have the effect of accumulating water thereon and precipitating it upon plaintiff's

premises to his injury and this is sufficient. [Shipley v. Fifty Associates, 106 Mass. 194, l. c. 199; Cooley on Torts (2 Ed.), p. 681.]

It is contended in further support of this demurrer that there was no proof that plaintiff was the owner in fee of the premises. It is sufficient to say of this that possession under claim of title, which possession, and under that claim, the learned counsel for appellant distinctly admits, is sufficient to maintain this action. Moreover, it appears by the evidence in the case that plaintiff and those under whom she claims had title in fee to the premises as far back as the 29th day of November, 1892, more than sixteen years before this action was brought, and the evidence tended to show possession of the premises from that time on in plaintiff and her immediate grantor. This title, coupled with possession, even without possession, is sufficient to maintain the action for an injury to the realty or, as this case is, for a nuisance, it being shown that the maintenance of the nuisance injured the property.

That the common law as to surface water prevails in this state is beyond question, as see Cox v. Hannibal & St. J. R. Co., 174 Mo. 588, l. c. 606, 74 S. W. 854. That was established by the decision of our Supreme Court on full discussion in Abbott v. Kansas City, St. J. & C. B. Ry. Co., 83 Mo. 271, in which case McCormick v. Kansas City, St. J. & C. B. Ry. Co., 70 Mo. 359, and Shane v. Kansas City, St. J. & C. B. Ry. Co., 71 Mo. 237, in so far as they adopted the rule of the civil law, were expressly overruled.

We are unable to find, as before stated, any fatal variance between plaintiff's pleading and her proof and the instructions given for her. It was not necessary for plaintiff's recovery under the allegations of her petition to prove that the act was done with malice or maliciously and wilfully, if by the use of the term wilfully, counsel intends to mean for the purpose of injuring plaintiff. As used in this petition, wilfully

means on purpose and not accidentally; not necessarily on purpose to produce the injury, but that the erection which caused the injury was done of purpose and was not the consequence of a mere accidental act.

The remaining assignment of error, as to the alleged misconduct of the jury, was submitted to the trial court on affidavits. They were flatly contradictory. The trial court had that matter before it and its finding on it is conclusive.

We discover no error to the prejudice of defendant. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.