## GEORGE JESEL, Respondent, v. GEORGE BENAS, Appellant.

**St. Louis Court of Appeals.    Argued and Submitted October 9, 1913. Opinion Filed November 4, 1913.**

1. **DAMAGES: Injury to Building: Evidence.** In an action for permanently injuring a nine-inch wall of a building, where it was shown that the ordinances of the city required the wall to be thirteen inches thick and that a wall of that thickness could be built as cheaply as a nine inch wall and could be built as cheaply with new bricks as with old, it was proper to admit evidence as to the cost of constructing a thirteen-inch wall with new bricks.

2. **APPELLATE PRACTICE: Modification of Instructions: Prerequsites to Review.** Where the trial judge refused the instructions asked by both plaintiff and defendant, and gave, in lieu thereof, instructions prepared by him, it was necessary, to secure a review, by the appellate court, of the refusal to give the instructions as asked and the modifications made in them by the trial court, that the party complaining thereof distinctly point out the modifications, and it was not sufficient to merely set out the instructions which were given and those which were refused.

3. **INSTRUCTIONS: Refusal: Covered by Other Instructions Given.** It is not error to refuse an instruction where the point covered by it is submitted to the jury in another instruction given.

4. **WATERS AND WATERCOURSES: Surface Water: Damage to Building: Instructions.** In an action for damage to a building, caused by the maintenance of lumber piles, which cast surface water against it, *held* that an instruction covering plaintiff's case, as pleaded and proved, and an instruction on the measure of damages, were correct.

5. ———: ———: ———: ———. In an action for damage to a building, caused by the maintenance of lumber piles, which cast surface water against it, where the petition alleged that the piles of lumber were erected on February 9, and the evidence showed that plaintiff's interest in the property did not exist prior to May 29, *held* that an instruction requested by defendant, that plaintiff was not entitled to recover for damages caused by piles of lumber other than those erected on or about February 9, and was not entitled to recover any damages accruing prior to May 29, was properly refused, since

it was not essential to a recovery that plaintiff show that the identical piles of lumber erected on February 9 were maintained unchanged during the entire period; the court, by another instruction, having confined plaintiff's recovery to the period beginning with the day when his interest in the property commenced.

6. ———: ———: ———: **Sufficiency of Petition and Evidence.** In an action for damage to a building, caused by the maintenance of lumber piles, which cast surface water against it, *held* that the petition stated a cause of action with sufficient accuracy to sustain a judgment for plaintiff, and that the testimony was ample to sustain the judgment.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Lyon & Swarts* and *Dwight D. Currie*, for appellant.

(1)   The court erred in admitting over objection of the appellant testimony of witness, Ben Meyers, as to what would be the cost of rebuilding a new wall on the north of respondent's two-story building, said wall to be rebuilt thirteen inches thick and of new brick whereas the old wall was only nine inches thick and of handmade brick.   (2)   The court erred in giving, of its own motion, instruction No. 1.   (3)   The court erred in giving, of its own motion, instruction No. 2.   (4)   The court erred in refusing to give, at the request of the appellant, instruction No. 2.   (5)   The court erred in refusing to give, at the request of the appellant instruction No. 4.   (6)   The court erred in refusing to give, at the request of the appellant, instruction No. 7. ꞏ Ready v. Railroad, 98 Mo. App. 467; Benson v. Railroad, 78 Mo. 504; Burke v. Railroad, 29 Mo. App. 370.   (7)   The court erred in refusing to give, at the request of the appellant, instruction No. 9. The court erred in refusing to give, at the request of the appellant instruction No. 10. Dunham v. Stuyvesant, 11 Johns. 569; Stuyvesant v.

Tompkins, 9 Johns. 61; Ryan v. State, 5 Ind. App. 396; Sherlock v. Railroad, 115 Ind. 22; Smith v. Johnson, 76 Pa. St. 191; Kendall v. Green, 67 N. H. 557; Maryland Tel. Co. v. Ruth, 106 Ind. 644; 124 Am. St. Rep. 506; 14 L. R. A. (N. S.) 427.

*Joseph G. Williams* and *Isaac A. Rollins* for respondent.

(1)  The testimony of Ben Meyer was competent and proper.  After describing the condition the north walls were in, he stated that it would cost as much to repair the north walls as it would to build them new, and that the north walls could not be repaired to make them substantially as good as the other walls of the buildings, and that it would not cost any more to build a thirteen-inch wall than it would to build a nine-inch wall; that in a thirteen-inch wall the brick would cost more, but in a nine-inch wall the extra labor that it would take to build the wall would make up the difference and that there was practically no difference in price of old bricks that are in condition to be used in a wall and new bricks  Paddock v. Somes, 51 Mo. App. 323; Sheedy v. Union Press Brick Works, 25 Mo. App. 531.  (2)  Instruction No. 1 given by the court properly declared the law under the pleadings and evidence. Sheedy v. Union Press Brick Works, 25 Mo. App. 527; Thoele v. Planing Mill Co., 165 Mo. App. 707; Pinney v. Berry, 61 Mo. App. 363,  (3)  There was no error in giving instruction No. 2.  Under the evidence it properly declared the law. Paddock v. Somes, 51 Mo. App. 321.  (4)  The court properly refused to give instruction No. 2, offered by the respondent, as it was fully covered by instruction No. 10, given at the instance of the respondent.  (5)  The court properly refused to give instruction No. 4, offered by the appellant, because said instruction did not declare the law under the evidence in the cause. Pinney v. Berry, 61 Mo. App.

359. (6) The court did not err in refusing to give instruction No. 7, offered by the appellant, for the reason that there was no evidence in the case to base said instruction upon, and it did not properly declare the law in the case, and, besides, that proposition was covered by instruction No. 10, given by the court on behalf of the appellant. McCormick v. Railroad, 70 Mo. 360. (7) There was no error in refusing to give instruction No. 9, offered by the appellant, as that part of the case had been fully covered by instructions Nos. 3 and 5, given by the court. (8) There was no error in refusing to give instruction No. 10, as the court did not submit the question of damages to the fence to the jury. The question of the fence was eliminated from the case; the measure of damages is a matter to be regulated by the court in its instructions to the jury. St. Louis Trust Co. v. Bambrick, 149 Mo. 560. (9) Without regard to the time the lumber was stacked or piled upon the land of the defendant, he is liable if he maintains it after the 29th of May, 1909, to the injury of the plaintiff. Martin v. St. Joseph, 136 Mo. App. 316; Pinney v. Berry, 61 Mo. 359; Dickson v. Railroad, 71 Mo. 575; Wood on Law of Nuisance, Sec. 838, p. 968; Hedrick v. St. Joseph, 138 Mo. App. 396. (10) The evidence was ample to sustain the case made by plaintiff in the petition, that the piling of this lumber on the lot of defendant did have the effect of accumulating water thereon and precipitating it upon plaintiff's premises to his injury, and this is sufficient. Thoele v. Planing Mill Co., 165 Mo. App. 710; Shipley v. Fifty Associates, 106 Mass. 194; Cooley on Torts (2 Ed.), p. 681; McCormick v. Railroad, 70 Mo. 360; Cent. Dig., 136-142; Dec. Dig., 121-128.

REYNOLDS, P. J.—Plaintiff, tenant for life of certain premises in the city of St. Louis, commenced his action on the 15th of September, 1910, in the circuit court of the city of St. Louis, for damages alleged to

have been sustained by reason of defendant piling lumber in his lumber yard so negligently and carelessly as to cause the rain and melting snow to be discharged upon and against the north walls of the premises of plaintiff, flooding and submerging his back yard and the first floor of his two-story brick building as well as the basement and floors of a one-story brick building on the same lot, and permanently injuring the north walls of the building. It is charged that erecting these piles on the 9th of February, 1909, defendant had maintained them down to the time of the institution of the suit, that is the 15th of September, 1910, in such shape as to cause the rain and snow to drop down and flow from them to the damage of the premises of plaintiff as above, the damages being laid at $5000.

Defendant answered by general denial. At a trial before the court and a jury, a verdict was rendered in favor of plaintiff in the sum of $400. Judgment followed from which defendant, filing a motion for new trial as well as one in arrest and excepting to the action of the court in overruling these motions, duly perfected his appeal to this court.

Learned counsel for appellant make eight assignments of error.

The first assignment is to the admission in evidence, over the objection and exception of appellant, of the testimony of a witness as to what would be the cost of building a new wall on the north of respondent's buildings, the wall to be rebuilt thirteen inches thick and of new pressed brick, whereas the old wall was only nine inches thick and of handmade brick. It is true that that witness testified that to rebuild the wall, he would use new brick, and that the wall he was figuring on was a thirteen-inch wall. His attention being called to the fact that the old wall was a nine-inch wall of handmade brick, he stated that the city ordinances do not allow the construction of a brick building of the height of the one in controversy with a wall of less than

thirteen inches in thickness.  He further testified that it would cost as much to replace it with old brick as with new brick, provided you could get old brick, which was not always the case.  We see no error in the admission of this testimony to the prejudice of appellant.  Necessarily the wall, if rebuilt, would have to be in conformity with the requirements of the city ordinances and we know of no rule of law that would require plaintiff to replace old brick with old brick, assuming that they could be had.  This is especially so when, according to this witness's testimony, one could not always obtain old brick, and if they did manage to secure them, they would cost as much as new brick, he testifying that it did not cost any more for the thirteen-inch than the nine-inch brick because to lay the nine-inch would cost more than for laying the thirteen-inch brick.

. The second and third assignments are to the alleged error of the court in giving two instructions which the court did of its own motion, and the fourth, fifth, sixth, seventh and eighth are to the alleged error of the court in refusing to give instructions Nos. 2, 4, 7, 9 and 10, asked by appellant.  It appears from an examination of the record that the court took the instructions asked by the parties and gave instructions he had himself prepared.  We have no means of determining with any accuracy as to whose instructions the court used, whether those of appellant or those of respondent, in framing the instructions he gave.  Counsel for appellant complain that the court changed the instructions they asked and substituted others for them, but they have not preserved this point by proper exception and accurately, contenting themselves with bringing up the instructions as given by the court of its own motion, of which there are twelve, and bringing up eleven instructions which are designated as the "defendant's refused instructions."  It is true that we might set these side by side with those given by the

court of its own motion and pick out the changes in verbiage between them, but that is not a labor that should be imposed upon us. If counsel desired to have this court pass upon the instructions as asked and modifications made in them by the court, they should have distinctly pointed out the modifications and not have thrown the labor upon the appellate court of endeavoring to determine the variance between them, if any.

We have, however, read the instructions given by the court of its own motion, in connection with the refused instructions asked by the court and can say, generally, of them, that we find no error in the action of the court either in the giving of the instructions which it did of its own motion or in the refusal of those asked by appellant. As to those given, it has been noted that error is assigned on only two of those so given. We find them correct as to the propositions covered by them, one covering plaintiff's case as pleaded and proved, the other as to the measure of damages.

The instructions asked by defendant and refused were either covered, in a more correct form, by the instructions given by the court of its own motion, or were not correct propositions of the law as applied to the facts in evidence. As an instance of the latter, appellant asked an instruction to the effect that if they found for plaintiff, the jury would allow him such damages as under the instructions given they believed and found from the evidence were caused by the piles of lumber which plaintiff erected and constructed on or about the 9th day of February, 1909, if the jury believed and found from the evidence that plaintiff so constructed piles of lumber on that date, and "you are further instructed that the plaintiff is not entitled to recover any damages that may have been caused by piles of lumber other than those constructed on or about the 9th day of February, 1909, and is not entitled to recover any damages which may have occurred previous to May 29, 1909." The point sought to be cov-

ered by this instruction is, that in the petition in the case, plaintiff laid the date of the erection of the piles as of the 9th of February, 1909, whereas it appeared by the testimony in the case that plaintiff's interest in the premises only fell in on the 29th of May, 1909, when on the death of his wife he became a tenant for life of the premises in controversy. We see no error in the action of the court in refusing this instruction in this form. It appears on an examination of the testimony as set out in the record that when this point was made, that is that he was confined to piles of lumber erected on the 9th of February, 1909, the court announced in passing on the objection made, that, as he understood the petition, plaintiff had alleged that in the early part of 1909, that is, in February, defendant erected certain piles of lumber on this lot adjoining this property; that he maintained those same piles for some time after that; that the water ran from those piles onto the premises of plaintiff. "Of course," said the court, "he will be restricted to what he alleges, but you do not contend that if he took one or more pieces of lumber off of a pile and put on two or three pieces that that will be a different pile? . . . The point is they were maintained during his tenancy." In effect, the court ruled that it was not incumbent upon plaintiff to show that defendant had maintained the identical piles of lumber which he had put up on the day named; that the allegation is to be construed as an averment that in February, 1909, defendant erected certain piles of lumber and that he continued those up to September 16th, 1910 and that they caused the damage. "You will be restricted to those piles," said the court. Under this ruling, which we consider absolutely right, the court correctly refused this instruction, the ninth one asked by defendant.

That the court carefully and strictly held plaintiff down to a definite period is clear. Thus, although plaintiff filed an amended petition sometime after the

institution of the action, the court confined the period to which he was entitled to recover damages to between the date upon which the life estate of plaintiff accrued and the date of the filing of the original petition in the case, refusing to extend it down to the time of the filing of the third amended petition or to the time of the trial. Whether that action of the court was right or wrong, most certainly defendant has no cause to complain of it.

Looking at the instructions given and those refused, it is clear that the case was tried in exact accordance with the law as announced by this court in Thoele v. Marvin Planing Mill Co., 165 Mo. App. 707, 148 S. W. 413. That case has very many features in common with the case at bar. We have there considered the law applicable to cases of this character so fully that we do not consider it necessary to go into it any further and content ourselves by reference to that decision. We hold that this case at bar was tried upon the law as there announced and find no error in the action of the trial court in the premises.

Defendant challenges the whole of the testimony, as well as the amended petition. The testimony was ample to sustain the verdict and the petition does state a cause of action with sufficient accuracy to sustain the judgment. On the testimony in the case as to the extent of damage suffered by plaintiff, the verdict is entirely within that testimony, some of the witnesses placing the damage at over $1000. We find no reason to disturb the verdict. The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.