CALLENDER, MCAUSLAN & TROUP COMPANY *vs.*

NICHOLAS BACCALA.

MAY 17, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is an action of trespass on the case for negligence by reason of which defendant is alleged to have caused substantial damage to plaintiff's real estate. It was tried before a justice of the superior court, sitting without a jury, and resulted in a decision for the plaintiff. However, plaintiff excepted to the decision, on the ground that the damages awarded to it are inadequate. The case is here on such exception and three exceptions to the admission of certain testimony that, plaintiff contended, adversely affected the trial justice's assessment of the damages to which it was entitled.

Defendant, while delivering coal to plaintiff's building on Union street in the city of Providence, negligently backed his loaded truck over and upon the sidewalk, which formed the roof of plaintiff's coal vault, and caused a section of it to collapse. This entire vault was directly under the sidewalk and was about forty feet long and eight feet wide. Its roof was constructed in sections of prismatic glass block material and structural steel I beams, which were supported on masonry columns at the curb line of the sidewalk and on the masonry of plaintiff's building at the building line. These beams were spaced about five or six feet apart and in between them was placed the glass block material. This material, at the time of the accident, was covered with a layer of asphalt, which formed a uniform surface for the sidewalk.

After the accident plaintiff engaged a building contractor to inspect the damage to the vault. Such inspection disclosed that only one section of the roof was damaged and that it could be restored to its original condition by renewing two I beams and reconstructing the surface of the sidewalk with reinforced concrete slabs in place of the glass block which,

because of the war, was unobtainable. Plaintiff agreed to have the contractor make such repairs, but, when a building permit was applied for, the deputy director of public works in Providence, by letter, refused to approve the application, unless the entire roof was rebuilt in accordance with an ordinance which required stronger and more expensive construction than was required when the vault was originally built. Without contesting the authority of the city to require it to thus rebuild the entire vault, plaintiff complied with such requirement at a cost of $2082.11, which, it contends, are the true damages that it is entitled to recover from defendant. The building contractor testified for the plaintiff that the cost of rebuilding the damaged section only would be between $500 and $700.

The trial justice found that defendant was liable only for the cost of rebuilding that section and assessed the damages at the building contractor's lower estimate of $500. It is not clear from his decision whether he based that award on the right of the plaintiff to have the damaged section of its vault restored to the condition it was in before the accident or to have it rebuilt in accordance with the stronger and more expensive type of construction required by the ordinance. There is language in his decision which indicates that he was of the opinion that defendant was not liable for any increase in the cost of repairs which provided plaintiff with a better sidewalk than it had before the accident. However, since he awarded damages based on the testimony of plaintiff's witness as to what it would have cost to rebuild the damaged section in accordance with the ordinance, we need not concern ourselves with what view the trial justice took on this particular phase of the case.

The controversy raised here by plaintiff's exceptions is whether or not the trial justice's decision is erroneous in not holding defendant liable for the total cost of rebuilding the entire sidewalk. In other words, it is the plaintiff's contention that defendant's negligence was the proximate cause of all the expense to which it was put in order to restore the

sidewalk to a usable condition in accordance with the ordinance. Plaintiff also argues that the natural and probable consequences of the defendant's act were not only the damages immediately attributable thereto but also those that indirectly resulted by reason of the action of the deputy director of public works in requiring it to rebuild the entire sidewalk in accordance with the ordinance.

In support of its contention the plaintiff cites *Zindell* v. *Central Mutual Ins. Co.*, 222 Wis. 575; *Rutherford* v. *Royal Ins. Co.*, 12 F. (2d) 880; *Hewins* v. *London Assur. Corp.*, 184 Mass. 177; *Ecuyer* v. *Benevolent Ass'n of Elks*, 152 La. 74; *Jesel* v. *Benas*, 177 Mo. App. 708. Briefly stated, those cases stand for the principle that "where cost of repair or restoration may be taken into account in assessing damages for injuries to a building, the cost of repairing or restoring the structure so as to comply with building regulations is the proper guide." The rule is substantially the same in cases involving a contract of insurance where the claim is made that by reason of the building ordinance the insured suffers a total loss, if he is not allowed to repair.

In all of the cases cited it would seem that, where the public authority prohibited restoring the damaged structure to its original condition, the court recognized such prohibition as not the proximate cause of the increased cost of rebuilding but rather the remote cause and that defendant's negligence or the fire, as the case happened to be, was deemed to be the real proximate cause of the total damages. In none of them, however, was any question raised as to whether the public authority had refused to allow the restoring of the building to its original condition for some other reason than the building ordinance, or as to whether such authority had unreasonably applied the letter of the building ordinance in a way not in keeping with the intention of the ordinance.

In the instant case it is clear from the evidence that the deputy director of public works did not disapprove plaintiff's application to rebuild the damaged section of the sidewalk solely because of the letter of the ordinance. His formal

disapproval was the result of an inspection of the damaged premises made by Gilbert Small, engineer in charge of bridges for the city of Providence. He testified that he dictated the letter of disapproval, which was signed by the deputy director of public works and mailed to the plaintiff, and that it was his duty, as engineer in charge of bridges, to pass upon such applications as the plaintiff's and to recommend their approval or disapproval.

It appears from further testimony of this witness that plaintiff was required to rebuild the undamaged section of the sidewalk because of the extreme deterioration of the I beams supporting it. He testified that he found those beams in "very poor condition" and that the flanges "were corroded to such an extent that they were what we call feather edge." He further testified that he told the contractor's foreman that such beams should be replaced "with heavier beams due to corrosion and deterioration."

Over plaintiff's objection, this witness also testified that "by corrosion and deterioration" he meant "the beams were not safe"; that the reason plaintiff's application to repair only the damaged section was not approved was due to the poor condition of the entire sidewalk, including the structural supports and the glass prismatic sections; and, that if he had known before the accident that such condition existed he would have required the sidewalk to be rebuilt.

Plaintiff contends, under its exceptions 1, 2 and 3, that such testimony was inadmissible. It has not separately briefed any of these exceptions and only one of them has been argued, and that rather scantily. We are aware of no ground for excluding such testimony. In view of the fact that it was the official duty of the witness to recommend the approval or disapproval of applications like the plaintiff's, such testimony was clearly admissible to show the basis for his recommendation of disapproval in this instance.

On the evidence we are of the opinion that the city of Providence required plaintiff to rebuild the entire sidewalk because of its general unsafe condition, without reference to

the section which was damaged by defendant's negligence. In such circumstances, we agree with the trial justice that defendant's negligence was not the proximate cause of the additional expense to which the plaintiff was put in rebuilding the entire sidewalk. It was not a substantial factor in producing such enhanced damages to the plaintiff. Therefore, the trial justice was justified in confining his assessment of damages to the reasonable expense of rebuilding the damaged section only.

We need not consider here whether or not defendant's negligence was the proximate cause of the increased cost of rebuilding the damaged section in accordance with the ordinance, since the trial justice based his award of damages on the testimony of the plaintiff's contractor of the reasonable cost of such rebuilding, and disregarded plaintiff's testimony of the reasonable cost of restoring the section to its original condition before the accident. Defendant has no exception here, so this finding must stand.

Whether or not the law laid down in the cases cited by plaintiff is applicable in this state to factual situations similar to those therein set out, we are not called upon to decide here, and we do not decide. On the view which we take of the evidence in the case at bar, it is not in the category of those cases.

Plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews, Thomas J. Hogan,* for plaintiff.

*William A. Gunning,* for defendant.